FANNIE WILLIAMS v. FRANK JOHNSTON.

*Witness under section 343—Inadequate Price—Judge's Charge.*

1. The incompetency of a witness under section 343 of the code, arises where he has an interest in the event of the suit or may avail himself of the benefit of a verdict in support of his claim in a future action; *Therefore* where a deed was made by father to son, and then from the

son to the plaintiff in ejectment upon the understanding that plaintiff would pay him two hundred dollars if a recovery was had, and it
appeared that the defendant in ejectment derived his title from a purchaser at execution sale against the father, *it was held* (the father
being dead) that the son was an incompetent witness under said section.

2. Upon the question of inadequacy of price for land, the court was requested to charge that it must be such as shocks the "moral sense"
of persons acquainted with the property and to create surprise, &c.;
but told the jury "there was no *formula* by which an inadequate price
was defined, yet if the consideration be such as to shock the moral
sense or create surprise, they might find the price inadequate;" *Held*
no error.

CIVIL ACTION to recover Land tried at Fall Term, 1879,
of DAVIE Superior Court, before *Gilmer, J.*

There was a verdict for the defendant, a motion for a *venire
de novo*. Motion overruled and judgment for defendant,
from which the plaintiff appealed.

*Messrs. McCorkle* and *Bailey*, for plaintiff.
*Messrs. Watson & Glenn* and *Clement*, for defendant.

ASHE, J. On the trial the plaintiff offered in evidence a
deed from Francis Williams to his son Monroe Williams,
dated 15th August, 1865, with a consideration stated of one
hundred dollars, and also a deed from Monroe Williams to
Fannie Williams, his sister-in-law, dated September, 1875.
The plaintiff then introduced Monroe Williams and proposed to ask him how much he had contracted to pay his
father for the land in controversy, and how much he had
paid him; but the defendant objected upon the ground that
it was incompetent for him under section 343 of the code of
civil procedure, to testify to any transaction or communication with Francis Williams, his father, it having been
proved by the witness on his preliminary examination that
his father was dead, and that he, the witness, was poor and

could not maintain the suit and had executed a deed to plaintiff upon the understanding that in the event of a re-·covery of the land, she was to pay him two hundred dollars. The court held the witness incompetent, and the plaintiff ·excepted.

The defendant adduced evidence tending to show that Francis Williams was insolvent; that there was a judgment for some five thousand dollars then unpaid, and other large judgments against him remaining unsatisfied; that he conveyed other lands to another son, before he conveyed the tract in controversy to Monroe, and did not retain a suffi-·cient amount of property to pay his debts; and the land in ·dispute was sold under execution by the sheriff of Davie county, and J. G. Lash became the purchaser at the sheriffs sale. There is nothing in the record which shows directly how Johnston, the defendant, became the owner of the land ·in dispute, but it must be presumed from the character of ·the ·evidence offered, the course of the trial, the exceptions ·taken by plaintiff, and the argument of counsel in this court, that he derived his title and possession from Lash, the pur-·chaser at the sheriff's sale, and is therefore in law the as-·signee of Francis Williams.

Assuming this to be so, was the proposed testimony of Monroe Williams as to the transaction between him and his ·father Francis Williams, then dead, competent under sec-tion 343 of the code? The provisions of that section are so intermixed that it is difficult to interpret it, without culling and grouping together its· parts applicable to the particular question arising under its provisions; but after dissecting it in that way, it will read as applicable to this question : " No person who has a legal or equitable interest which may · ·be affected by the event of the action, nor any person who previous to such examination has had such an interest, nor any assignor of anything in controversy in the action shall ·be examined in regard to any transaction or communication

between such witness and a person at the time of such examination deceased, as a witness against a party then defending as assignee, when such examination, judgment or determination of such action can in any manner affect the interest of such witness." The proposed testimony of Monroe Williams seems to fall directly within this inhibition. Francis Williams, the person with whom the transaction was had, was dead. Johnston, who was defending the action, was his assignee, and the witness, Monroe Williams, previous to his examination, had had a legal interest in the land, and at the time had a legal interest in the event of the action; for the plaintiff was to become his debtor for two hundred dollars if she should effect a recovery of the land. So that the verdict and judgment in her favor would be evidence for him in an action against her on the promise if she should refuse to pay him.

The rule that excludes a witness on the ground of interest is, when the witness might derive a benefit or advantage from the event of the suit, and this benefit may arise to the witness in two cases; first, when he has a direct and immediate benefit from the event of the suit itself; and secondly, when he may avail himself of the benefit of the verdict in support of his own claims in a future action. Phil. on Ev. 83, 84. The testimony was incompetent and there was no error in excluding it from the jury.

As to the error assigned in the alleged refusal of the court to give the special instructions to the jury as prayed for: The plaintiff asked His Honor to charge the jury that to constitute a grossly inadequate consideration it must be such as shocks the " moral sense " of all persons acquainted with the property sold, and to create great surprise at the smallness and inadequacy of the consideration. The court in response charged the jury that there was no certain *formula* in the law by which an inadequate price was defined, and although he could not tell them there was no inade-.

quacy unless their "moral sense was shocked, yet if the consideration in this case was such as to shock the moral sense of all persons acquainted with the land and to create great surprise at the smallness and inadequacy of said consideration, they might find the price was inadequate." The charge was given almost *verbatim* as prayed for, and we are unable to see upon what ground the exception was taken, unless it was to the remark of His Honor that he could not tell them that there was no inadequacy unless their "moral sense" was shocked. We know of no rule of law requiring anybody's "moral sense" to be shocked before inadequacy of price can be found. It was a strong expression originally used, and since followed by the courts, to denote the degree of disparity between the consideration and the value of the property sold, that would amount to inadequacy, but any other terms that would convey the same idea would have the same effect.

There is no error in the ruling of His Honor. Let this be certified to the superior court of Davie county.

No error.                                          Affirmed.