L. H. LYON and wife v. DAVID PENDER AND M. E. COTTEN, Administratrix of A. J. COTTEN.

*Witness, Competency of—Testimony of Interested Party— Transaction with Deceased Person—Surviving Partner.*

1. In the trial of an action against a surviving partner and the administratrix of a deceased partner on a note purporting to have been given by the firm, the surviving partner is not a competent witness (by reason of Sec. 590 of *The Code*) to prove the partnership or that the deceased consented to the borrowing of the money and execution of the note therefor.

2. In such case the witness would be testifying "in his own interest" since, if judgment should be rendered against both himself and the defendant as administrrtor of the deceased partner, (instead of against himself alone) he could, by paying off the judgment, have contribution from the estate of his deceased partner.

This was a CIVIL ACTION, tried before *Boykin, J.,* at Fall Term, 1895, of EDGECOMBE Superior Court, to recover on a note for one thousand dollars alleged to have been executed on April 24th, 1889, by Pender & Cotten, in words and figures as follows :

" $1,000.00.                    April 24th, 1889.

" On demand we promise to pay to the order of Miss Ida Lee Bryan, one thousand dollars at eight per cent. interest, value received for money borrowed.

Witness: W. R. Ricks.        (signed) PENDER & COTTEN."

The defendant, David Pender, was called and sworn as a witness for the plaintiff, and the note being exhibited to him, testified as follows:

" Pender & Cotten were partners doing business in 1889. I signed the note Pender & Cotten. I borrowed the money to pay the debts. We borrowed money from time to time. It was necessary to do so. The money was used to pay the debts of the firm. I told Mr. Cotten all about the firm's indebtedness and he authorized me to borrow the money."

Here the counsel for M. E. Cotten, Adm'x of A. J. Cotten, objected to the witness' speaking of any transaction or communication had with A. J. Cotten. The judge made no formal ruling on the objection raised at this stage of the case, but permitted the witness to go on, who testified,

" That the firm debts were paid with this money—it was applied to debts due Staton, to Johnson, Sutton & Co., and to others whose names he could not recall as he had no access to his books since his assignment—that his bookkeeper, William R. Ricks, knew to whom the money was paid."

Upon cross-examination witness stated, " that in 1884, he and M. C. Pender and A. J. Cotten formed a partnership for three years, under the firm name of Pender & Cotten—then M. C. Pender came out and myself and A. J. Cotten kept on under the same name. In January, 1889, myself, W. F. Hargrove and A. J. Cotten formed a partnership under the firm name and style of Pender, Har-

grove & Cotten and began business in January, 1889. We were partners when I gave this note signed Pender & Cotten, in liquidation. Mr. Cotten died in June, 1889. Hargrove and myself kept right on. The contract of Pender & Cotten and Pender, Hargrove & Cotten was in writing and signed by the partners—the first executed 7th March, 1884, and the second 29th of January, 1889. The first contract was for three years and Mr. Cotten and myself agreed after that to take M. C. Pender's interest. Mr. Cotten told me to borrow the money."

The counsel for the defendant, M. E. Cotten, Administratrix of A. J. Cotten, stated to the court that the evidence had now been disclosed that the contracts of Pender & Cotten and Pender, Hargrove & Cotten were put in writing, and that the witness had gone on to state communications and transactions between himself and his partner Cotten who died in June, 1889, and asked the court to rule out all the evidence as to the agreements which the witness stated were in writing and signed by the parties respectively, and also that part of the evidence which related to personal transactions and communications between the witness and his deceased partner, A. J. Cotten, as incompetent. The court so ruled and the plaintiff excepted. W. R. Ricks, witness for the plaintiff, testified that at the beginning of the year, 1889, A. J. Cotten and David Pender, were doing business as Pender & Cotten, and he was their bookkeeper, and he was also the bookkeeper of Pender, Hargrove & Cotten when that firm was formed on the 29th January, 1889. " I have no personal knowledge that the money borrowed paid the firm debts. All I know is that I made entries on books by direction of David Pender."

Counsel for Cotten, Administratrix, objected to witness speaking except what he knew of his own knowledge.

Objection sustained. Thereupon, plaintiffs' counsel stated that he would take a judgment against the defendant David Pender, and submitted to a non-suit as to the defendant Cotten, Administratrix, and appealed to the Supreme Court.

*Mr. J. L. Bridgers*, for plaintiffs (appellants).

*Messrs. Fred Philips* and *Staton & Johnston*, for defendant Cotten, Administratrix.

CLARK, J.: *The Code*, Sec. 590, is analyzed in *Bunn* v. *Todd*, 107 N. C., 266. The witness Pender is (1) "A party to the action" (and is also "interested in the event of the action"); (2) He is offered "as a witness to testify in his own behalf or *interest*"; and (3) "As to a personal transaction or communication between the witness and a person since deceased," i. e. to prove a partnership, and further that the deceased partner specially authorized him to borrow this money. The only possible debate is on the second head above stated, whether the evidence given by the witness would be "in his own interest." Strictly, it would be "in the behalf" of plaintiff who called him as a witness, but the statute contains the words "in his own behalf or interest." The true test of interest is whether the judgment obtained herein could be used as conclusive of the liability of the intestate's estate in an action afterwards brought by the witness against the administrator of the deceased. *Jones* v. *Emry*, 115 N. C., 158. If by the testimony of the witness a judgment is obtained not only against himself (which is not opposed) but also against his co-defendant, who is the administratrix of one sought to be charged, as his partner, then the witness upon paying off such judgment could proceed to recover the pro rata share out of his co-defendants, and this judgment obtained against the two being conclusive in each action of the

partnership, would bind the said administratrix to contribution. Thus the testimony of the witness would be "in his own interest" and is forbidden by the statute.

If the action was between the alleged partners, the testimony of the witness (the alleged surviving partner) would be incompetent to prove the partnership. *Sikes* v. *Parker*, 95 N. C., 232; *Armfield* v. *Colvert*, 103 N. C., 147.

This case differs widely from *Walters* v. *Sutton*, at this Term. In that case the witness was the principal in the bond sued on, against whom judgment was taken, and he testified as to a personal communication between himself and his deceased surety. But this was not "in the interest of the witness" whose liability was primary, and who could in no wise be benefited, nor could the judgment against him be in any wise abated by the judgment obtained upon his testimony against the surety. But in this case, if the witness' testimony establishes the partnership, the witness upon paying off the judgment can recover his pro rata share out of his co-defendant's estate, since the judgment would establish that the debt was due by both as partners, i. e. as co-principals. In excluding the testimony there was no error.