CHARLOTTE OIL AND FERTILIZER CO. v. J. P. RIPPY, Administrator of William Rippy.

(Decided December 23, 1898.)

*Deceased Partner—Evidence Under Section 590 of The Code.*

1. In an action upon a promissory note given by a firm, a member of the firm is asked by the plaintiff, "Who composed the firm?" with the view of proving that the intestate of defendant was a member. *Held*, to be rightly excluded on objection, under Section 590 of *The Code. Lyon* v. *Pender*, 118 N. C., 150.

2. The same witness was then asked: "Outside of any transaction or communication with deceased, do you know whether or not he was a member of the firm?" *Held*, to be competent, on objection. *Sykes* v. *Parker*, 95 N. C., 232.

3. The same witness was further asked by the plaintiff: "Did you have any conversation with the administrator of the deceased in regard to the deceased's being a partner, of the firm? if so, give it " *Held*, on objection that the question was too broad in its scope, and should have been confined to some conversation in connection with the settlement and indebtedness of the estate.

CIVIL ACTION upon two promissory notes executed by the firm of D. F. Bridges & Co. payable to the plaintiff, tried before *Greene, J.*, and a jury at Spring Term, 1898, of the Superior Court of CLEVELAND County.

The complaint alleged that William Rippy, the intestate of defendant, was a partner in the firm of D. F. Bridges & Co.

The answer denied this allegation.

Among other evidence, the plaintiff examined D. F. Bridges, who testified that he was a member of the firm of D. F. Bridges & Co.

The plaintiff then asked the witness: "Who composed the firm of D. F. Bridges & Co?" with a view to showing by the witness that the intestate of defendant was a member of it.

Objection by defendant under Section 590 of *The Code.* Objection sustained. Plaintiff excepted.

The notes sued on were shown to the witness and he identified the notes as those described in the complaint, and as being signed by him; and he stated that he had been sued on these notes and had made a payment on them.

The plaintiff then asked this witness: "Outside of any transaction or communication with the deceased, do you know whether or not William Rippy was a member of the firm of D. F. Bridges & Co?" Objection by defendant, which was sustained by the Court, and plaintiff excepted.

Plaintiff then asked this witness: "Did you have any conversation with the administrator of the deceased in regard to the deceased being a partner of the firm of D. F. Bridges & Co? If so, give it." Asked for the purpose of showing the admission and declaration of the administrator. Objection by defendant. Objection sustained. Plaintiff excepted.

There were other exceptions taken by the plaintiff in regard to the evidence and to the charge of his Honor, which the Court deemed it unnecessary to consider.

There was a verdict declaring that the intestate was not a member of the firm of D. F. Bridges & Co.

123—42

Judgment in favor of defendant. Appeal by plaintiff.

*Messrs. Burwell, Walker & Cansler*, for plaintiff (appellant).
*Mr. D. W. Robinson*, for defendant.

MONTGOMERY, J.: A note in the sum of $430, signed "D. F. Bridges & Co," payable to the plaintiff, was executed and delivered, the signature having been written by D. F. Bridges. This action is brought to recover of the defendant the amount of the note, the allegation in the complaint being that William Rippy, the intestate of the defendant, was one of the partners in the firm of D. F. Bridges & Co. On the trial the plaintiff introduced D. F. Bridges himself, who said that he was a member of the firm. The witness was then asked who composed the firm of D. F. Bridges & Co., the object of the question being to show that the intestate of the defendant was a member of the firm. An objection by the defendant was sustained and the plaintiff excepted.

His Honor's ruling was correct. The precise point was decided in *Lyon* v. *Pender*, 118 N. C., 150. The same witness was then asked this question: "Outside of any transaction or communication with the deceased, do you know whether or not William Rippy was a member of the firm of D. F. Bridges & Co?" to which an objection was interposed by the defendant and the objection sustained, and the plaintiff excepted. There was error in that ruling of his Honor. In *Sykes* v. *Parker*, 95 N. C., 232, the plaintiff sought by his own testimony to prove a partnership between himself and the intestate of the defendant. The conclusion of the Court there was that ordinarily and naturally it would

be supposed that the witness got his information from a transaction or communication with the deceased, but that the contrary might be shown. The Court in that case said: "This would be in the usual order of things. It might perhaps be possible that the plaintiff could have answered the question thus put to him without testifying to such a transaction or communication; but if he could, it ought to have appeared that he could in order to render his answers competent. He might have been interrogated as to the source of the information he had, pertinent to the matter inquired about, with a view to determine the question of the competency of such answers as he might make. He was competent to testify that he did not derive his information from a transaction or communication between himself and the intestate." The same principle of evidence is declared in *Armfield* v. *Colvert*, 103 N. C., 147. The question ought to have been allowed as a preliminary one to the further statement of the witness of any facts which tended to prove the partnership, outside of personal communications or transactions with the intestate. And if such evidence was found competent by the Court, then it should have been submitted to the jury. The refusal of his Honor to allow the question cut off such inquiry, and was equivalent to a ruling that the witness under no circumstances could testify as to the intestate's being a partner, even though he might have information about the same outside of any personal communications or transactions with the intestate.

The same witness was further asked, "Did you have any conversation with the administrator of the deceased in regard to the deceased's being a partner of the firm of D. F. Bridges & Co? If so, give it." The defendant objected and the objection was sustained. In general

terms it is stated in Greenleaf on Evidence, Section 179, that the admission of executors and administrators can be introduced against themselves as to the representatives of the heirs, devisees and creditors. But in our researches we have found no case where the admissions or declarations of an executor or administrator, disconnected with the settlement of the estate—some matter of administration—were introduced against him as such representative; and we think, therefore, that the question was too broad in its scope. The witness might have been asked if he had heard the administrator, in connection with the settlement of his intestate's estate and in relation to its indebtedness, say anything in connection with the intestate's liability for the debts of the partnership, and what was said.

We will not consider the charge of the Court, for it is not necessary. It is erroneous in some material respects.

New trial.