CHARLOTTE OIL and FERTILIZER CO. v. J. P. RIPPY, Administrator of William Rippy.

(Decided May 9, 1899).

*Petition to Rehear—Evidence Under Section 590 of The Code—Transactions and Communications With Deceased Persons by Parties to the Action, or Persons Interested in the Event.*

1. Before the adoption of The Code, a person interested in the event of the action could not be a witness. This rule is now restricted to parties or persons falling within the exceptions contained in Section 590.

2. In an action upon a firm promissory note against the administrator of an alleged deceased member thereof, evidence by one of the partners, offered by plaintiff, that the deceased was a member of the firm is inadmissible under Section 590, because the witness is interested in the event of the action, although not a party thereto.

PETITION TO REHEAR.    This cause decided at September
Term, 1898, and reported in 123 N. C., 656.

*Messrs. Burwell, Walker & Cansler,* for petitioners.
*Mr. D. W. Robinson,* contra.

FURCHES, J.    This case was before the Court a year ago,
and is reported in 123 N. C., 656, and is before us now
upon plaintiff's petition to rehear.

The action is upon a promissory note, made payable to the
plaintff, executed by D. F. Bridges on the 15th of November,
1894, for the sum of $430, signed "D. F. Bridges & Co."
The action is brought against J. P. Rippy, administrator of
William Rippy alone, and the allegation of plaintiff is that,
at the date of the note, there was a copartnership existing and
doing business in Cleveland County under the firm name and
style of "D. F. Bridges & Co.," composed of D. F. Bridges
and William Rippy, the intestate of defendant; that Wil-
liam Rippy has since died, and defendant is his personal rep-
resentative.

The defendant answers and denies that his intestate, Wil-
liam Rippy, was a member of said partnership, if any such
partnership ever existed.

On the trial the plaintiff introduced D. F. Bridges as a
witness for the purpose of proving that there was such a
partnership as "D. F. Bridges & Co.," and to prove that Wil-
liam Rippy, defendant's intestate, was a member of said
partnership at the time the note sued on was given.    This
evidence was objected to by defendant under Section 590 of
The Code, and excluded by the Court.    The correctness of
this ruling is the only question presented by the petition to
rehear.    And owing to the fact that when the case was here
before, the Court held that plaintiff was entitled to the evi-

dence, if the witness knew the fact outside of any 'transaction or communcation' with the deceased, so this petition must be treated and considered as asking the Court to say that D. F. Bridges is a competent witness to prove communications and transactions he may have had with defendant's intestate.

The question presented is not free from difficulty. It again brings before the Court for construction that much construed Section, 590, of The Code, and, the great number of constructions it has received, does not relieve the question of embarrassment.

Section 589 of The Code, does away with all disabilities on account of interest. But this Section is immediately followed by 590, which contains the following: That *"a party or a person interested in the event* of the action shall not be examined as a witness in his own behalf or interest. . . . against any executor, administrator, or survivor of a deceased person. . . . concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator. . . . is examined in his own behalf. . . . concerning the same transaction or communication." These should be treated as exceptions to 589, and as taking them out of the operation of that section. If this be true, the parties included in these exceptions stand upon the same footing they did before the adoption of The Code.

Before the adoption of The Code, a party interested in the result of the verdict and judgment could not be a witness. This rule is now restricted to parties falling within the exceptions contained in Section 590, and the only question to be considered is whether the witness, D. F. Bridges, falls within these exceptions, or not.

It must be conceded that he is interested in an action

brought upon a note given by him, and for which it is admitted that he is liable to the full extent of the note.   And if this evidence establishes the partnership alleged by plaintiff, the estate of defendant's intestate is liable to the plaintiff for the whole of the note; and the witness can only be compelled to contribute to defendants one half of what he has had to pay.

It is admitted that plaintiff proposes to ask him to testify as to personal transactions and communications with deceased's intestate.   It is admitted that he is not a party to this action; and the only question left for our consideration is, whether he is "interested in the event of the action."   If he is, he is disqualified; if he is not, he is competent.

It seems to us that if this question is an open one, and to be determined upon reason—logical deduction—sustained by quite an array of authorities, it must be held that he is incompetent.

"It makes no difference in any of these cases whether the witness is called by the plaintiff or the defendant; for, in either case, the *test* of interest is the same; the question being whether a judgment, in favor of the party calling the witness, will procure a direct benefit to the witness."  1 Greenleaf Ev., Section 395.   "So, in a suit against one on a joint obligation, a co-obligor, not sued, is not a competent witness for the plaintiff to prove the execution of the instrument by the defendant; for he is interested to relieve himself of a part of the debt, by charging it on the defendant."  *Ibid.*   Speaking of the competency of one partner, who is liable for the debt to a party sued and who would be liable to contribution, if it be shown that he is a partner, he is incompetent to prove that fact, Mr. Starkey says:   "It seems that in general where a witness was *prima facie* liable to the plaintiff in respect to the cause of action for which he was sued, he was not a competent witness for the plaintiff to prove the defend-

ant's liability; for his evidence tends to produce payment or satisfaction to the plaintiff at another's expense; and the proceeding and recovering against another would afford some if not conclusive evidence against the plaintiff in an action against the witness. Thus it was held that where the witness was *prima facie* liable to the vendor of goods, which he had bought in his own name, he was not a competent witness for the vendor against a third person to prove that the defendant was either solely or jointly liable for the goods; for in such case the witness had a direct interest in causing another either to pay or to contribute to the payment of the debt." Starkey on Ev. (10th Ed.), 120.

"In a suit against one on a joint obligation, o co-obligor, although not sued, can not be called as a witness for the plaintiff to prove the execution of the instrument by the defendant. The interest of such witness is against the defendant, for he may relieve himself of a part of the debt by charging the defendant." *Marshall v. Trailkell,* 12 Ohio, 275.

The 29 Am. and Eng. Enc. of Law, in speaking of the right of one partner to be a witness against another, says that "According to the weight of authority he was not competent for the plaintiff to prove either the partnership or the liability of the defendant, because he was directly interested in increasing the number of persons who should share the burden for which he was liable by his own admissions." 29 Am. and Eng. Enc., 576-7.

During the war of 1812 a company bought a vessel called the "Spitfire," which was sent to the plaintiff to be repaired and fitted up to be used as a privateer. The work was done but the plaintiff was not paid, and he brought his action for making the repairs. The action was brought against Webb & Webb, who denied that they had any interest in the "Spitfire," and denied that they were liable to the plaintiff for anything.

On the trial the plaintiff called a witness by the name of Gomes, who was not a party, for the purpose of proving that the defendants were part owners of the "Spitfire," and were liable to the plaintiff for the repairs he had made to the vessel. Defendants objected to the witness Gomes, upon the ground of interest, and the Supreme Court of New York, after a careful consideration of the question, held that he was incompetent; and in rendering the opinion the Court said: "The inquiry was whether the defendants were part owners of the vessel, and, as such, chargeable in the first instance with plaintiff's whole demand for repairs.... The witness confessed on his *voire dire* that he was a part owner of the "Spitfire;" he was then sworn in chief to prove that defendants were also part owners of the same vessel. He was undoubtedly interested to render the burden upon himself as light as possible, and to throw it on the defendants, in part. It is true the witness was liable to contribution, but the defendants could never controvert afterwards, with the witness, in case they sued him for contribution, that they were not part owners of the vessel. They could not take the ground that a verdict had been recovered against them by the present plaintiff, wrongfully. The very basis of a suit to be brought by them for contribution must be that they were a part owner. Upon any other principle he would be remediless—the recovery in this case would be evidence of the amount he was compelled to pay. The witness being confessedly, by his own admissions on his *voire dire* a part owner, would be liable in contribution, and his interest in making the defendants below an owner was promoted by increasing the number of those chargeable, and thereby mitigating his own loss.... It is conceived that Gomes did not stand indifferently between the parties; for though from his own disclosure, he would be liable to the plaintiff below, if they failed in this action, as

a part owner, he was increasing the number of those who would be contributory, and thus lessening the amount which he was eventually to pay." *Marquand v. Webb & Webb,* 16 N. Y., (Johnson's Rep.), 89.

We are therefore irresistibly led to the conclusion that the witness D. F. Bridges has a *direct pecuniary interest "in the event"* of this action. Like the witness Gomes, he admits that he is liable for plaintiffs' demand; and like Gomes, he is interested in making the intestate's estate share the liability with him. And the defendant in this case is like the defendants, Webb & Webb, in the case quoted from; the only thing he could do would be to admit that his intestate was a partner, and sue the witness Bridges for contribution. If this question was *res integra,* it would seem to us that this ought to and would end the discussion of this question.

But it is contended that the witness must not only be interested, but that he must also be a *party* to the action, to exclude his testimony. This position cannot be sustained, unless it be by statements made by some learned Judges in the discussion of cases under consideration, when it was not necessary that they should have been made to support the judgment, and with great deference we think, without that consideration which usually characterizes their opinions. To adopt this rule of construction—that a witness must be a *party* to the action in which he is called as a witness, so that the judgment would be *inter partes,* and that where the judgment would be *res inter alios acta* as to the witness, that he would be competent to testify as to the communications and transactions of the deceased—would be to substantially destroy the exceptions contained in Section 590. The Code says that if the witness is a *party* to the action, this without anything else disqualifies him; and if he has to be a *party* before he is disqualified, why add "or *interested in the event*"

of the action? It was both senseless and meaningless to do so. The Section must be construed so as to give meaning and vitality to this important provision of the statute. In *Williams v. Johnson,* 82 N. C., 288, it is held that Monroe Williams was disqualified on account of interest, though not a party to the action.

We are not inadvertent to the fact that it has been said by this Court (*Jones v. Emory,* 115 N. C., 158), that if we abandon the ground that the witness must be a party so that he would be bound by any judgment rendered in the case, we cut loose from all moorings, and are like a mariner at sea without a compass by which he may take his bearings and be guided. That the question of disqualification will become one of likes and dislikes—sentimental in its operation—we do not agree to this proposition. It did not become so before the passage of the Statute (Section 590), and we see no reason why it should become so now. It was then held that the interest of the witness, to disqualify must be a direct *pecuniary* interest in the event of the action. Why should it not be so now?

It is admitted that there is a distinction, as pointed out, in the petition to rehear, between the case of *Lyon v. Pender,* 118 N. C., 150, and this case. In that case, the witness was a party; in this case, he is not a party. If this case is correctly decided, it did not matter whether the witness was a party or not, and *Lyon v. Pender* was properly decided, although the Court in discussing the case stated a ground that, upon further investigation is found not to be tenable. The judgment in this case when here before was correct. And after a careful investigation of this somewhat troublesome question, we are of the opinion that the petition must be dismissed.