CLARK, C. J., dissenting.
The plaintiff alleged in his complaint that the defendants, James Palmer and John Eudy, the testator of the other defendant, were partners, and that at the death of Eudy the partnership owed to the plaintiff a balance of about $235 for goods sold and delivered to them. On the trial the defendant Palmer was allowed to testify over the objection of the other defendant, "that he (970) and the testator Eudy had entered into a copartnership for the purpose of cleaning out and putting in proper shape and condition and selling the Lindsay mine. That they were to bear all expenses incident thereto equally, and after paying the same divide the profits on the same basis; that the work of cleaning out the mine commenced the latter part of November, 1896, and ran up to the time of Eudy's death, 15 June, 1897. That the goods, the price of which was sued for, were furnished by the plaintiff on his order for the firm of Palmer Eudy in the main, but some was for tools, etc., used about the mine."
In his instructions to the jury his Honor said in reference to that testimony: "Now, I have to say to you that it was possible error to have admitted the testimony of Palmer as to transactions with the deceased man, Eudy, and those statements are excluded from your consideration as against such party, but they may be considered as against Palmer only, the man making them. I exclude from your consideration all transactions and communications as against Eudy."
The evidence was clearly incompetent. Fertilizer Co. v. Rippy,123 N.C. 656. And the question that presents itself is, Was the effect *Page 683 
of the attempted correction of the error in his Honor's instruction to put the defendant in the same condition as if the evidence had not been received? We think it did not. The jury should have been instructed not to consider any part of the witness's evidence except that part in which he stated that the plaintiff furnished the goods on his (witness's) order, and not to consider his testimony of the alleged partnership even in connection with the witness himself. It may have been that the jury would not have believed the testimony of the other witnesses concerning the partnership if Palmer's testimony on that question — allowed, it is true, only against himself — had not been given in. His testimony may have given more weight to the testimony of the other witnesses concerning the alleged partnership than it would have carried without it. His Honor should have held that (971) all that the witness Palmer could testify to was that he had ordered the goods, and that he was therefore liable for the price. He should not have submitted to the jury, on Palmer's evidence, anything concerning the alleged partnership to hold even Palmer himself on the partnership liability. If there had been a partnership existing between himself and Eudy at the time Palmer ordered the goods, and if they were used for the partnership benefit, those matters should have been proved by other witnesses.
Error.