BONNER v. STOTESBURY.

(Filed September 12, 1905).

*Witnesses for Deceased—Section 590 of Code—Amendments to Pleadings—Fraud—Statute of Limitations.*

1. Where a witness was not asked to testify against the representative or assignee of a dead person as to any transaction or communication between himself and the person deceased, but in favor of such a representative, the testimony being offered by the party to the suit who represented the dead person, *held,* such testimony does not fall within the inhibition of section 590 of The Code, which is intended to protect the deceased person's representative or assignee, who is suing or being sued.

2. Where the plaintiff moved below to amend his complaint, and the court intimated that it would allow the amendment if the plaintiff's evidence was sufficient to warrant it, but by reason of an erroneous exclusion of testimony, the plaintiff was prevented from developing his whole case and was driven to a nonsuit, this court will not dismiss the action either because the complaint is defective or because the cause of action as stated is barred by the statute of limitations.

3. Upon the question of fraudulent concealment of funds, section 155 (9), of The Code, applies only where the ground of the action for relief is fraud or mistake and the statute runs from the discovery of the facts constituting the fraud or mistake and not from the discovery by a party of rights hitherto unknown to him.

4. While this court has the power of amendment, it will not exercise this power where the amendment would, perhaps, present a case substantially different from the one which was tried below and raise a question of law not involved in the present appeal.

ACTION by Selby Bonner, Administrator of Mary E. Bonner, against C. A. Stotesbury and C. A. Stotesbury, executor of R. B. Stotesbury, heard by *Judge G. W. Ward* and a jury, at the Spring Term, 1905, of the Superior Court of HYDE County.

Plaintiff alleges that his intestate deposited with one Benson a certain sum of money subject to her order and that from time to time Benson, on her demand, made payments to her, having at her death, in his hands, as her depositary, a balance of $260. That soon after her death, and presumably in September, 1898, defendant C. A. Stotesbury, received said money from Benson without having taken out letters of administration, and immediately paid over to R. B. Stotesbury, his testator, a considerable portion of the same, the amount not being known to plaintiff. Plaintiff also alleges the death of Mary E. Bonner, and the qualification of plaintiff, on the 18th day of February, 1905, as her administrator, the death of R. B. Stotesbury in 1904, and the qualification of the defendant, C. A. Stotesbury, as his executor.

Defendant, in his answer, denied the allegations of the complaint and pleaded the statute of limitations. At the trial, the court submitted two issues to the jury, which are as follows: "1. Are the defendants indebted to the plaintiff, and if so, in what sum?" "2. Is the plaintiff's claim barred by the statute of limitations?" Plaintiff introduced C. F. Benson as a witness and asked him what funds of Mrs. Bonner he had in his hands at her death? Defendants' counsel objected and the witness then stated, in answer to a question of defendants' counsel, "that he knew nothing about the funds except what Mrs. Bonner told him and put in his hands." The objection was sustained and plaintiff excepted. Plaintiff's counsel also asked the witness if he had paid any money to C. A. Stotesbury since the death of Mary E. Bonner, plaintiff's intestate? The question, on objection by defendants' counsel, was excluded by the court and plaintiff excepted. The witness was then asked by plaintiff's counsel, if Mary E. Bonner had deposited any money with him prior to her death, and if so, how much? This question was also excluded, on objection by defendants' counsel, and plaintiff excepted. It was stated by counsel in this court and not denied, that the plaintiff moved in the court below to amend his complaint by alleging a conspiracy between Benson and the Stotesburys to defraud the estate of plaintiff's intestate out of said fund so deposited with Benson, and the court stated that it would first hear the testimony of plaintiff and then pass upon the motion to amend. In the brief of defendants' counsel, it is admitted that "the court permitted the plaintiff to amend his complaint." We take it that this admission refers to what the judge said, as stated by plaintiff's counsel, when the motion to amend was made. No amendment was actually made in the Superior Court. The court intimated that it would charge the jury that, if they believed the evidence, they should answer the first issue "no," and the

second issue "yes." Plaintiff thereupon, in deference to the intimation, submitted to a nonsuit and appealed.

*S. S. Mann* for the plaintiff.
*H. S. Ward* and *Aydlett & Ehringhaus* for the defendants.

WALKER, J., after stating the case: It was admitted here that the court excluded the testimony of the witness, Benson, as being incompetent under section 590 of The Code. In this we think there was error. Benson was not asked to testify against the representative or assignee of a dead person as to any transaction or communication between himself and the person deceased, but in favor of such a representative, and the transaction between him and Stotesbury was of course confined to living persons. The proposed testimony, as to the transactions between him and Mrs. Bonner, was offered by the party to the suit who represented the dead person. Such testimony does not fall within the inhibition of section 590 of The Code. That statute was intended to protect the deceased person's representative or assignee, who is suing or being sued in the action, and for the reason that the living party to the transaction or communication, who is a party to or interested in the event of the action, or the person under whom he claims, should not, in all fairness, be permitted to speak concerning it, when the other party, who is dead, cannot be heard in reply. *McCanless v. Reynolds,* 74 N. C., 301. It was said on the argument that if the plaintiff recovered of Stotesbury, the witness, Benson, will be liable over to him. Not conceding that this would be so under the facts and circumstances of this case, we are unable to see, if we admit the correctness of the proposition, how it affects the question one way or another. In the cases cited by counsel, the witness, who was liable over, was introduced to testify against the representative of a deceased person as to a transaction or communication between him and the tes-

tator. *Lyon v. Pender,* 118 N. C., 147; *Fertilizer Co. v. Rippy,* 123 N. C., 656, and 124 N. C., 643. But not so here, as we have seen. The testimony ruled out by His Honor is within neither the letter nor the spirit of the statute and was therefore improperly excluded. The two cases of *Bunn v. Todd,* 107 N. C., 266, in which the present *Chief Justice* analyses section 590 with great clearness, and *Yow v. Hamilton,* 136 N. C., 357, are decisive authorities against the ruling. The court said in the last case, referring to that section: "It is there provided that an interested witness or a person from, through or under whom a party to be affected by the event of the action, claims, shall not testify concerning a personal transaction or communication between the witness and a person then deceased under whom the party against whom he is introduced as a witness claims." We see, therefore, that the witness must be introduced to testify against the representative or assignee of the deceased person.

It was contended by the defendants' counsel that even if the witness, Benson, was competent, the plaintiff had stated no cause of action and if he had that it is barred by the statute of limitations. It was admitted in this court by counsel that the plaintiff moved below to amend his complaint and the court intimated that it would allow the amendment, if the plaintiff's evidence was sufficient to warrant it, and it would therefore hear the evidence before ordering the amendment. In the brief of defendants' counsel, it is stated that, "at the hearing the court permitted the plaintiff to amend his complaint." As the ruling of the court upon the competency of the witness, Benson, was erroneous and, by reason thereof, the plaintiff was prevented from developing his whole case and was driven to a nonsuit, we would not be willing to dismiss his action or to sustain the nonsuit on the ground stated by the defendants' counsel, even if we should hold the complaint to be defective. This ruling also applies to the contention that the plaintiff's cause of action as now stated is

barred by the statute of limitations. The plaintiff has not had a fair opportunity to amend his complaint, in order to avoid the operation of the statute, no more than he has had a fair chance to perfect the statement of his cause of action, if in either case amendment is required, which we do not decide. Plaintiff's counsel stated here that he would allege in his amended pleading a fraudulent concealment by Benson and Stotesbury of the fact that they had the money of his intestate and a conspiracy between them to cheat and defraud plaintiff out of said money. It was not made clear to us in what the alleged combination to defraud consisted, nor how, in a legal sense, it injured the plaintiff. But we may be enlightened as to this by counsel when the amendment is made, if the case should come back to us. Upon the question of fraudulent concealment, it may be said, that The Code, section 155 (9), applies only when the "ground" of the action for relief is fraud or mistake and the statute runs "from the discovery of the facts constituting fraud or mistake, and not from the discovery by a party of rights hitherto unknown to him." *Dunn v. Beaman,* 126 N. C., 766.

Plaintiff moved in this court to amend his complaint. As the amendment would, perhaps, present a case substantially different from the one which was tried below and raise a question of law not involved in the present appeal, we could not allow the motion if in other respects we had the power to do so. *Whitehead v. Spivey,* 103 N. C., 66; *Howard v. Insurance Co.,* 125 N. C., 49. This court undoubtedly has the power of amendment, but this is not a case which calls for its exercise.

There must be a new trial because of the error committed by the court in rejecting testimony which was offered and the plaintiff may amend below by permission of the court, if so advised.

New Trial.