W. T. GRISSOM v. ROBERT M. GRISSOM ET ALS.

(Filed 17 November, 1915.)

**Evidence—Transactions with Deceased—Trusts—Interpretation of Statutes.**
    The plaintiff, a son and heir at law of T., brings his suit to engraft a trust upon lands upon the grounds that his father purchased the lands with his own money and instructed another of his .sons, R., to pay for them, but that R. had the conveyance only of a life estate made to his father, with the remainder to himself, of which the former, an ignorant man, remained unaware: *Held,* testimony of the plaintiff, after the death of his father and brother, is incompetent as to what occurred between them in relation to the transaction alleged, as he is a person interested in the result of the action, and testimony of this character is prohibited by the statute, Revisal, sec. 1631.

APPEAL by plaintiff from *Rountree, J.,* at the May Term, 1915, of NEW HANOVER.

Civil action. During the progress of the trial the court excluded certain evidence offered by the plaintiff, whereupon the plaintiff duly excepted and, in deference to the ruling of the court, submitted to a nonsuit and appealed.

*K. C. Sidberry for plaintiff.*
*Bellamy & Bellamy for defendants.*

BROWN, J. This action is brought by the plaintiff, who is the son of Thomas Grissom and his wife, Sarah, both deceased, against the defendants, who are the other heirs at law of said Thomas Grissom and his wife, Sarah, for the purpose of fastening a trust upon certain lands described in the complaint.

The plaintiff alleges that Thomas Grissom, being desirous of purchasing a certain piece of land, during the year 1866 sent his oldest son, Robert S. Grissom, to Wilmington to purchase the said land from one Thomas Douglass, and gave his son the money to pay for the same; that the latter purchased the land and, without his father's knowledge or consent, who was an ignorant man, unable to read and write, had the deed made to his father and mother for their lives and after their death to himself in fee simple.

During the trial the plaintiff was asked the following question: "Will you please tell the court and the jury what you know about your father buying a piece of land from a man named Douglass?" To this question the defendants objected upon the ground that the witness is a party and is claiming title to the property in controversy through Thomas Grissom and Robert S. Grissom, and cannot be examined, in his own behalf, against the defendants as to any personal transaction or communication between the witness and the deceased person or persons, where defendants derive their title and interest through said deceased person or persons, as such testimony is contrary to the provisions of section 1631 of the Revisal of North Carolina.

The court reserved its ruling on this objection, saying that he would hear the answer before passing on the objection.

The plaintiff replied that on or about the last part of October or the first of November, 1866, his father, Thomas Grissom, came to town and saw Mr. Thomas Douglass, and Thomas Grissom went back and told plaintiff's brother, Robert S. Grissom; that Thomas went back and he, the plaintiff, saw his father, Thomas Grissom, give his son, Robert S. Grissom, nine hundred dollars and heard him tell his son, Robert S. Grissom, to go to town and purchase the piece of land and have the deed made to Thomas Grissom and his wife, Sarah R. Grissom, in fee simple. That he saw Thomas give Robert the money to come to town to pay for the place; that Thomas could neither read nor write, and he gave the money to Robert to come to town, and Robert came.

The court, after hearing the answer, sustained the objection and ordered the answer stricken out, to which plaintiff excepted.

In *Harrell v. Hagan,* 150 N. C., 242, it is expressly decided that in an action to engraft a resulting trust on lands alleged to have been

bought by O: at a public sale in behalf of H., both deceased, the testimony of witnesses who are parties and interested in the result of the action, as to a conversation between O. and H., tending to establish the trust, is incompetent. In that case *Mr. Justice Walker* says: "Whether the construction by the Court of Revisal, section 1631, is the correct one, it is useless for us now to discuss. The true meaning of the statute and of the intent of the Legislature have been settled by this Court in well-considered opinions, which we are not disposed to disturb."

See, also, *Wilson v. Featherstone,* 122 N. C., 747; *Witty v. Barham,* 147 N. C., 479.

It being admitted that Robert S. Grissom is dead, and that some of the defendants claim under him, and that Thomas Grissom and his .wife are likewise dead, this case falls squarely within those decisions.

Affirmed.