## J. R. BURRIS v. JAY LITAKER AND W. C. LITAKER.

### (Filed 11 May, 1921.)

**1. Negligence—Principal and Agent—Parent and Child—Automobiles.**

A parent is liable for damages caused by the negligent driving of his automobile by his minor son, when the automobile is maintained for the pleasure and convenience of his family, and at the time in question the son was using it for that purpose, under his express or implied authority.

**2. Appeal and Error—Harmless Error—Negligence—Verdict—Principal and Agent—Parent and Child.**

Where there is evidence sufficient to hold the father answerable in damages caused by the negligence of his minor son in driving his automobile, in an action against them both, the error of the court in sustaining a motion of nonsuit as to the father will not be held for reversible error when the jury has answered the issue of the negligence of the son adversely to the plaintiff.

**3. Appeal and Error—Objections and Exceptions—Instructions.**

In order to have the Supreme Court consider an exception based upon the failure of the trial judge to direct a verdict upon an issue should they believe the evidence, it is necessary that a prayer for instruction to that effect had been aptly tendered and refused.

APPEAL by plaintiff from *Lane, J.,* at the November Term, 1920, of CABARRUS.

The action is to recover damages done to plaintiff's automobile in a collision on the public road leading from Concord to Kannapolis by the alleged negligence of Jay Litaker, a minor son, 17 or 18 years of age, who was driving his father's car, and who was endeavoring to pass another automobile in front of him. In making this effort he ran into plaintiff's car, which was on the road coming from the opposite direction. W. C. Litaker, his father and owner of the car, but who was not present at this time, was made party defendant. There was also a demand in the complaint against Jay Litaker for $250, cost of repair of plaintiff's machine necessitated by the injury, and for loss of time, etc., incident to the wrong and which said Jay Litaker had agreed to pay plaintiff. There was denial of liability by plaintiff. At the close of plaintiff's evidence, on motion, the court entered judgment of nonsuit as to W. C. Litaker, the father, and plaintiff excepted. On issues submitted the jury rendered the following verdict:

"1. Was the plaintiff's automobile injured by the negligence of the defendant Jay Litaker, as alleged in the complaint? Answer: 'No.'

"2. What damages, if any, is the plaintiff entitled to recover by reason of the negligence of the defendant Jay Litaker, as alleged? Answer: .............

"3. Did the defendant J. Litaker agree with the plaintiff that if he would have the car repaired that he, the defendant J. Litaker, would pay the repair bill?   Answer: 'Yes.'

"4. If so, what was the amount of the repair bill?   Answer: '$153.80.'"

Judgment on the verdict against Jay Litaker for the $153.80, and the plaintiff excepted and appealed, assigning errors.

*H. S. Williams for plaintiff.*
*Maness & Armfield for defendant.*

HOKE, J.   In *Tyree v. Tudor, ante,* 214, a case at the present term wherein the question was directly and fully considered, the Court held that "Where a parent maintains an automobile for the comfort and pleasure of himself and family, he may be held liable for injuries caused by the negligent operation of said car by a member of his family who is using it at the time for the purpose stated and under his express or implied authority."   In the present case there are facts in evidence permitting the inference that Jay Litaker at the time of the occurrence, a minor, 17 or 18 years of age, was a member of the father's family and was operating his car under his express or implied authority, and it would seem that the motion for nonsuit as to the father and owner of the automobile should not have been allowed.   In our opinion, however, this action of the court should not be held for reversible error for the reason that the jury have found that there was no negligence on the part of the son.   If the father is liable at all in the case, it is only on the principle that the son acting as his agent was guilty of negligence, the proximate cause of defendant's injuries, and this fact having been established against the plaintiff, the result of the trial should not be disturbed by reason of the exception.

In *Cherry v. Canal Co.,* 140 N. C., 422-426, the Court quotes with approval from 2 A. & E., Pl. and Pr., p. 500, to the effect that "This system of appeals is founded on public policy, and appellate courts will not encourage litigation by reversing judgments for technical, formal, or other objections which the record shows could not have prejudiced the appellant's rights."   On plaintiff's second objection to the validity of the trial that the court failed to charge the jury "if they believed the evidence they should answer the first issue 'Yes,' that as to defendant's negligence our decisions hold that where the case is not proper for the consideration of the jury, an exception of this kind will not be sustained, unless there has been a prayer for instructions to that effect preferred in apt time."   *Wiggins v. Guthrie,* 101 N. C., 661-678.

On consideration of the case presented, we find no reversible error in the record, and the judgment on the verdict is approved.

No error.