R. L. WILSON v. SUNCREST LUMBER COMPANY.

(Filed 12 September, 1923.)

**1. Appeal and Error—Harmless Error—New Trials.**

For a new trial to be granted on appeal, it must not only appear that error has been committed on the trial in the Superior Court, but that it was material and prejudicial, amounting to a denial of some substantial right of the appellant.

**2. Same—Negligence—Employer and Employee—Master and Servant— Safe Appliances.**

The plaintiff, while engaged in the course of his employment of the defendant lumber company, fell to his injury from a tree he had been climbing under the instruction of the defendant's foreman and superintendent, while putting up, taking down, etc., skidder lines, or overhead cables, used in connecting with skidding logs out of the woods, and alleged negligence of the defendant in failing to provide him with a proper small wire cable, an end of which was permanently fastened into a ring on his belt, the other, passing around the tree, run through a ring on the opposite side of the belt and twisted around and fastened, so as to hold the plaintiff in the tree while engaged at his work: *Held*, testimony of non-experts that the wire cable furnished was unsuitable and improper for the work was erroneously admitted, but constituted harmless error, there being no serious contest as to defendant's liability on all the evidence.

APPEAL by defendants from *Ferguson, J.,* at January Term, 1923, of HAYWOOD.

Civil action to recover damages for an alleged negligent injury.

Upon denial of liability and issues joined, there was a verdict and judgment in favor of the plaintiff. Defendants appealed, assigning errors.

*Morgan & Ward and Smathers & Robinson for plaintiff.*
*Alley & Alley for defendants.*

STACY, J. Plaintiff was employed by the Suncrest Lumber Company as a "skidder rigger," and it was his duty to put up, take down, repair and remove skidder lines, or overhead cables, used in skidding logs out of the woods, whenever instructed to do so by his foreman and superintendent, Burt Evans. On 9 August, 1921, while engaged in the discharge of his duties, the plaintiff was seriously injured by falling from the top of a tree to the ground, a distance of about 35 feet. For the purpose of climbing up and down the trees, which he was required to do in the discharge of his duties, plaintiff was furnished with climbers, or spurs, for his feet, together with a leather belt to go around his body, and a small wire cable, one end of which was permanently fastened into a ring on his belt, and the other, after going around the tree, was to be run through a ring on the opposite side of the belt and twisted around

and fastened, so as to hold the plaintiff while he was thus engaged at his work. It is alleged that this small wire cable was unsuited and unsafe for the kind of work plaintiff was doing, and that it came loose while he was working in a tree, through no fault of his, causing him to fall to the ground, and from which he sustained serious and permanent injuries.

At least two witnesses were permitted to testify that this wire cable was an unsafe and unsuitable appliance, the following questions having been asked and answered, over objection of the defendants:

"Q. I wish you would state whether or not a wire cable, nine-sixteenths of an inch, six strands, without hooks in either end, would be a proper and suitable or safe attachment to be used in going around the tree and attaching in the safety belt. (Defendants object; overruled; exception.)

"A. No, sir. (Motion to strike out; overruled; exception.)

"Q. Now, Mr. Taffer, I'll ask you, basing your answer on your long experiences in this kind of work, if a wire cable like Wilson was using there on that occasion, if it wasn't a very unsafe and unsuitable appliance for that purpose? (Defendants object; overruled; exception.)

"A. It wasn't if a man had to untie it to come down.

"Q. If he had to untie it to come down, it would be unsafe?

"A. It would not be safe." (Motion to strike out; overruled; exception.)

The admission of this evidence, in the manner and form in which it was offered, is in direct conflict with the decisions of *Marshall v. Tel. Co.,* 181 N. C., 292; *Kerner v. R. R.,* 170 N. C., 97; *Marks v. Cotton Mills,* 135 N. C., 287; *Raynor v. R. R.,* 129 N. C., 195; *Phifer v. R. R.,* 122 N. C., 940; and we should be constrained to hold it for reversible error if it were not for the fact that upon the instant record it appears to be harmless. There is no evidence tending to show that such a cable was generally used and approved by others engaged in similar work, nor that it was such an implement as a reasonably prudent master would have furnished his servant, under the circumstances here disclosed. Indeed, the defendant's own testimony is just to the contrary. Upon all the evidence, there seems to be no serious contest on the question of liability. Verdicts and judgments are not to be set aside for harmless error, or for mere error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, amounting to a denial of some substantial right. *In re Ross,* 182 N. C., 477; *Burris v. Litaker,* 181 N. C., 376.

After a careful consideration of the whole record, we have found no reversible error; and this will be certified.

No error.