MRS. LILLIE B. PARKS, Administratrix of L. C. Parks, v. SANFORD & BROOKS, Inc., et al.

(Filed 12 September, 1928.)

**1. Master and Servant—Master's Liability for Injuries to Servant—Safe Place to Work.**

Evidence that the plaintiff's intestate, while working on a platform 26 inches wide, fell into a river and was drowned, by reason of his saw "pinching," and throwing him off his balance, is not sufficient to establish negligence on the part of the master in not furnishing him a safe place to work, and defendant's motion for judgment as of nonsuit was properly allowed.

PARKS *v.* SANFORD & BROOKS, INC.

**2. Same—Evidence of Safe Place to Work.**

   Whether or not the place at which plaintiff's intestate was at work was unsafe is a question for the jury, and the opinion of witnesses on this question is properly excluded.

APPEAL by plaintiff from *Barnhill, J.,* at May (Special) Term, 1928, of CHOWAN. Affirmed.

Civil action to recover damages for wrongful death of plaintiff's intestate.

From judgment dismissing the action as of nonsuit, at the close of plaintiff's evidence, plaintiff appealed to the Supreme Court.

   *H. R. Leary and McMullan & LeRoy for plaintiff.*
   *Ehringhaus & Hall for defendants.*

PER CURIAM. In her complaint plaintiff alleges that the death of her intestate was caused by the negligence of defendants, in that they failed to exercise due care to furnish her intestate a reasonably safe place in which to work as an employee of defendant, Sanford & Brooks, Inc., under the supervision of the other defendants, the general manager and foreman of their said codefendant.

The evidence offered by plaintiff fails to sustain this allegation. It appears from said evidence that plaintiff's intestate, while at work on a bridge over the Chowan River, fell from said bridge into the river and was drowned. Deceased was standing on a platform, 26 inches wide, sawing a plank in order to fit it around a pile. His saw "pinched," causing deceased to lose his balance and to fall off the platform into the river. The evidence tends to show that the fall was due to an accident, and not to any negligence on the part of defendants, or either of them. There was no error in allowing defendants' motion for judgment as of nonsuit upon the evidence offered by plaintiff.

Nor was there error in the ruling of the court sustaining objections by defendants to testimony offered by plaintiff as evidence of defendants' negligence. Whether or not the place at which plaintiff's intestate was at work, when he fell into the river, was unsafe, because of the negligence of defendants, was the question to be passed upon by the jury; the opinion of the witnesses with respect to this matter was not competent as evidence upon the issue, and was properly excluded as evidence. *Wilson v. Suncrest Lumber Co.,* 186 N. C., 56, 118 S. E., 797.

The judgment dismissing the action as upon nonsuit is
Affirmed.