HARVEY MORRIS, ON BEHALF OF HIMSELF AND ALL OTHER STOCKHOLDERS AND CREDITORS OF THE Y. AND B. CORPORATION, v. THE Y. AND B. CORPORATION.

(Filed 21 May, 1930.)

1. Trial D a: Evidence B a—Prima facie case is sufficient to take issue to the jury, the burden of proof remaining on the plaintiff.

Where the plaintiff's evidence makes out a prima facie case the issue is for the jury, and its affirmative finding is sufficient in law, the burden of proof remaining on the plaintiff throughout the trial.

2. Trial E g—Where the charge of the court construed as a whole contains no material or prejudicial error, a new trial will not be awarded.

A charge of the court to the jury will not be held for reversible error for which a new trial will be awarded if the error in the charge when construed contextually as a whole is not material and does not deprive the appellant of a substantial right:

**3. Appeal and Error J d—Appellant must show that he was deprived of substantial right in order to be entitled to a new trial.**

Upon appeal to the Supreme Court the presumption is against the appellant, and he must show that he has been deprived of a substantial right in the Superior Court to be entitled to a new trial.

APPEAL by W. J. Shuford, receiver, from *Stack, J.,* and a jury, at March Term, 1929, of MECKLENBURG. No error.

This is an action brought by plaintiff on behalf of himself and all other creditors of the Y. & B. Corporation to have a receiver appointed for the Y. & B. Corporation. W. J. Shuford was appointed permanent receiver on 30 November, 1927. The Industrial Loan and Investment Bank of Charlotte, N. C., filed a claim with the receiver of the Y. & B. Corporation for the payment of a certain note dated 6 October, 1927, for $15,000, alleging that it was secured by deed of trust to H. C. Alexander, trustee, on certain land in Charlotte, N. C., on the corner of Fourth and Caldwell streets, "subject only to a prior lien thereon consisting of a deed of trust dated 28 April, 1927, registered in Book 650, at page 19, said registry, from J. A. Yarborough and wife, Josephine Yarborough, to P. C. Whitlock and J. Arthur Henderson, securing a principal indebtedness of $50,000 with 6 per cent interest thereon in accordance with the terms of said deed of trust."

The sum of $600 has been paid on said note. W. J. Shuford, on 10 August, 1928, in his report, after setting forth the reasons disallowed the claim as a lien on the real estate before mentioned, but allowed it as an unsecured claim against the Y. & B. Corporation.

Exception was duly made by the Industrial Loan and Investment Bank. The case came on for hearing before Stack, J., and a jury.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did J. A. Yarborough, as president and treasurer, and N. J. Orr, as secretary, obtain for the Y. & B. Corporation from the Industrial Loan and Investment Bank the sum of $15,000 upon the note, deed of trust and certificate designated as plaintiff's Exhibits A, B and C? Answer: Yes (by consent).

2. Was $7,004.80 of said loan applied to the payment and cancellation of a note described in a deed of trust on the Y. & B. Corporation's property, and $2,051.23 applied in payment of the 1926 city taxes of the Y. & B. Corporation, and the balance, less interest and expenses, deposited by Y. & B. Corporation to its account in the First National Bank of Charlotte? Answer: Yes (by consent).

3. Did the directors of the Y. & B. Corporation on 13 September, 1926, adopt a resolution as appears on pages 75 and 76 of the Minute

Book of said corporation, authorizing the said officers of the Y. & B. Corporation to borrow money in such a way, and at such times as in their judgment deemed best and secure same by mortgages or deeds of trust on the property of the corporation? Answer: Yes.

4. If so, were notices given to all of the directors in accordance with the by-laws that such a resolution would be presented for consideration at that meeting? Answer: Yes.

5. If so, was a quorum of directors present at such meeting? Answer: Yes.

6. Did the directors of the Y. & B. Corporation on 6 October, 1927, adopt a resolution as set out in plaintiff's Exhibit C? Answer: Yes.

7. If so, were notices given to all of the directors as required by the by-laws of the corporation, that such resolution would be presented to the meeting? Answer: Yes.

8. If such meeting was held, was a quorum of directors present? Answer: Yes.

9. Did the president and secretary of the Y. & B. Corporation represent to the plaintiff bank that the resolution as set out in plaintiff's Exhibit C, had been adopted by the directors of said corporation; and if so did the plaintiff rely upon such representation, and was said representation, if made, a material inducement to the making of the loan of $15,000 to the Y. & B. Corporation? Answer: Yes.

10. Did the president and secretary of the Y. & B. Corporation from time to time, prior to 6 October, 1927, mortgage or assume to mortgage the corporate property for the purpose stated in said mortgages? Answer: Yes.

11. If so, were any of the said mortgages executed without any special authority? Answer: Yes.

12. If the said officers executed mortgages, or attempted to execute mortgages on corporate property without authority, did the directors have actual notice of the execution of any such mortgages? Answer: No."

Judgment was rendered on the verdict in favor of the Industrial Loan and Investment Bank. The receiver made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Stewart, McRae & Bobbitt for Industrial Loan and Investment Bank.*
*E. B. Cline, Preston & Ross and Tillett, Tillett & Kennedy for W. J. Shuford, receiver.*

CLARKSON, J. The court below denied the motion of W. J. Shuford, receiver, for judgment as in case of nonsuit. C. S., 567. In this we see no error.

---

MORRIS *v.* Y. AND B. CORPORATION.

---

In *Jeffrey v. Mfg. Co.,* 197 N. C., 725-6, the law is stated as follows: "Our decisions are to the effect that a prima facie showing takes the case to the jury, and it is therefore a question for the jury to determine whether or not the necessary facts have been established. This rule of law was tersely expressed in *Speas v. Bank,* 188 N. C., 524, as follows: 'A prima facie case, or prima facie evidence, does not change the burden of proof. It only stands until its weight is met by evidence to the contrary. The opposing party, however, is not required as a matter of law to offer evidence in reply. He only takes the risk of an adverse verdict if he fails to do so. The case is carried to the jury on a prima facie showing, and it is for them to say whether or not the crucial and necessary facts have been established.' "

Taking the charge as a whole, we think no prejudicial or reversible error is shown on this aspect. *In re Ross,* 182 N. C., at p. 478, we find the following: "It is now the settled rule of appellate courts that verdicts and judgments will not be set aside for harmless error, or for mere error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of was erroneous, but that it was material and prejudicial, amounting to a denial of some substantial right. Our system of appeals, providing for a review of the trial court on questions of law, is founded upon sound public policy, and appellate courts will not encourage litigation by reversing judgments for slight error, or for stated objections, which could not have prejudiced the rights of appellant in any material way. *Burris v. Litaker,* 181 N. C., 376; *In re Eden's Will, ante,* 398, and cases there cited. Again, error will not be presumed; it must be affirmatively established. The appellant is required to show error, and he must make it appear plainly, as the presumption is against him. *In re Smith's Will,* 163 N. C., 464; *Lumber Co. v. Buhmann,* 160 N. C., 385; *Albertson v. Terry,* 108 N. C., 75."

We think the issues answered in favor of the Industrial Loan and Investment Bank sufficient to sustain the judgment. The assignments of error on the part of the receiver were not material and if errors were not prejudicial or reversible. For the reasons given in the companion case in which the Guardian Life Insurance Company of America was claimant, we think the judgment of the court below should be sustained. We find in law

No error.