J. T. DONOHO, ADMINISTRATOR OF W. J. NESBITT, v. WACHOVIA
BANK AND TRUST COMPANY.

(Filed 6 June, 1930.)

**Evidence D b—Testimony of transaction with deceased held incompetent
as being by a party interested in the event.**

In an action by the administrator of a deceased person against a bank
to recover moneys deposited by the intestate, resisted on the ground that
the deceased had authorized the bank to pay the money upon his son's
checks, the latter being present at the time: *Held,* the son was interested
in the event since he would be liable to the plaintiff if he was not au-
thorized to draw the checks and possibly to the defendant, and his testi-
mony was incompetent under C. S., 1795, and the fact that a third person
was present at the time of the transaction and testified at the trial does
not affect this result.

APPEAL by plaintiff from *Finley, J.,* at November Term, 1929, of
BUNCOMBE. New trial.

The plaintiff's intestate, W. J. Nesbitt, from time to time deposited
money with the defendant and received from the defendant certificates
of deposit payable to him or to his order. He suffered a stroke of
paralysis and for several years was unable to transact any business or
to attend to his affairs. He died 31 July, 1927. The plaintiff qualified
as his administrator and brought suit against the defendant to recover
the money on deposit, alleged to aggregate several thousand dollars. The
defendant alleged that the total amount of the deposits never exceeded
$3,210.03, and that the intestate had authorized the withdrawal of all
the funds represented by the certificates except the sum of $800.

During the trial the defendant was permitted, subject to the plaintiff's exception, to prove by J. E. Nesbitt, a son of the intestate, that on 9 March, 1923, the intestate deposited $600 in the savings department of the defendant, told the bank officials that the witness was his son, and instructed them to recognize his son's signature to his vouchers and to let him have the money upon his signing them; also that the defendant opened an account with the witness and had him to sign his name on a card. The defendant paid the money in controversy to J. E. Nesbitt.

The question is whether in the admission of this evidence there is reversible error.

*Alfred S. Barnard for appellant.*
*Bourne, Parker & Jones for appellee.*

Adams, J. Upon the trial of an action a party or a person interested in the event shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person concerning a personal transaction or communication between the witness and the deceased person. C. S., 1795.

Conceding that the transaction occurred between the plaintiff's intestate, the witness, and the bank officials, we are confronted with the question whether the testimony of J. E. Nesbitt was improperly admitted. If we adhere to former decisions of this Court we must hold that it was. The witness was interested in the event of the action. He was called by the defendant; his testimony was favorable to the defendant; it was favorable to himself. If he was not authorized to withdraw the money from the bank, he nevertheless received it, and would be liable to the plaintiff for the amount wrongfully withdrawn. He might be liable to the defendant. A judgment in favor of the defendant would procure direct benefit to the witness. This is one test of his interest in the event. *Fertilizer Co. v. Rippy,* 124 N. C., 643, 646. The result will be the same if the transaction be treated as a communication between the intestate and the defendant. Though not a party to the action he was under the circumstances of this case disqualified to testify. *Wilson v. Featherston,* 122 N. C., 747; *Witty v. Barham,* 147 N. C., 479; *Harrell v. Hagan,* 150 N. C., 242; *Grissom v. Grissom,* 170 N. C., 97. The fact that Nix was present when the transaction took place and afterwards testified at the trial is immaterial. "The law is explicit that the one party shall not testify if the other cannot, and this without reference to the presence of third parties at the time of the transaction, unless the representative is himself examined in his own behalf, or the testimony of the deceased person is introduced as to the same trans-

action." *Smith v. Moore*, 142 N. C., 277, 284. In *Peacock v. Stott*, 90 N. C., 518, and in *Johnson v. Townsend*, 117 N. C., 338, it was shown that the deceased has been jointly interested with another person who was present at the time of the transaction, and who survived.

For error in the admission of evidence, there must be a

New trial.