D. H. LAMBETH v. SOUTHERN POWER COMPANY.

(Filed 20 April, 1910.)

1. Rights of Way—Permanent Damages—Generally Increased Values—Evidence.

In an action to recover damages of defendant for a permanent appropriation of a right of way over plaintiff's lands, it is not competent for this defendant to show the generally increased value of lands after the construction of defendant's overhead electric system, common to the entire community.

2. Rights of Way—Permanent Damages—Measure.

The measure of permanent damages against this defendant for appropriating a right of way over plaintiff's lands for the construction of an electrical overhead system is the difference between the fair market value of the land before the right of way was taken and its impaired value, directly, materially and proximately resulting to plaintiff's land by the placing of the

power line across the premises in the manner, and to the extent, and in respect to the uses for which the easement was acquired.

### 3. Same—Imaginary Causes.

The charge to the jury, that they may not allow damages based upon unknown or imaginary contingencies or events, eliminates the objection by defendant, in this case, that the jury might have considered the possible dangers from wires falling from its overhead electrical system on plaintiff's land, in assessing permanent damages.

APPEAL from *Long, J.,* at January (Special) Term, 1910, of DAVIDSON.

Civil action to recover permanent damages on account of the entry and appropriation by defendant of plaintiff's lands.

The right of condemnation is not in question, and the only issue submitted is as follows: What compensation, if any, is plaintiff, S. A. Lambeth, entitled to recover of defendant company for entering upon the lands of the plaintiffs, and for the right and privileges across her lands, and permanent appropriation thereof for the purposes of the defendant, as alleged in the answer, for a distance of fifteen (15) feet from center of towers from each side, making a distance of thirty (30) feet wide along the line over plaintiff's property?

From the judgment rendered, the defendant appealed.

*E. E. Raper* for plaintiffs.
*Walser & Walser* for defendant.

BROWN, J.   The exceptions to the evidence are, in our opinion, without merit.   The defendant could not be permitted to show the increased value of the land a year or more after defendant's line was constructed.

The enhanced value, it is not claimed, was the result of erecting towers on the land and constructing an electric system overhead.   Benefits, considered in assessing such damages, must be those in a measure peculiar to the landowner and not common to the entire community.   The exceptions to the charge cannot be sustained.

His Honor correctly instructed the jury when he charged them that the "measure of recovery is the difference between the fair market value of the land before the right of way and easement was taken, and its impaired value, directly, materially and proximately resulting to plaintiff's land by placing defendant's power line across her premises in the manner and to the extent and in respect of the uses for which the easement is acquired."

We are also of opinion that the alarm of defendant's counsel, that the jury might consider possible danger from falling wires as an element of damage, should have been allayed when his Honor told the jury: "You cannot allow anything as damages, based upon unknown or imaginary contingencies or events, or such as may not reasonably and naturally be expected to occur and cause damage to the plaintiff—not other persons—from the construction, operation and maintenance of defendant's line for the uses for which it is constructed."

The entire charge is an admirable instruction upon the law governing the assessment of damage in cases of this character. Lewis on Em. Dom. (2 Ed.), 478-462; *Brown v. Power Co.,* 140 N. C., 333; *Abernethy v. R. R.,* 150 N. C., 97; 15 Cyc., 684.

No error.