A. H. MOSER ET AL. v. CITY OF BURLINGTON.

(Filed 7 May, 1913.)

**1. Cities and Towns—Governmental Functions—Liability—Nuisance —Damages.**

A city or town is liable in damages, notwithstanding its being a governmental agency, for creating or maintaining a nuisance causing appreciable damage to the property of a private owner.

**2. Same—Sewerage—Permanent Damages—Constitutional Law.**

The operation and maintenance of a disposal plant by a city or town, with septic tank for treatment of sewage before discharging it into a stream upon which the plaintiff lived and owned his home near-by, in a manner that creates a nuisance, causing damages to his health and property, is, to the extent of the damages, regarded and dealt with as a taking or appropriation of his property, and cannot be done except on compensation to the owner and pursuant to some of the recognized methods, and as required by the "law of the land."

**3. Same—Improper Use—Additional Acts of Nuisance—Measure of Damages—Instructions—Appeal and Error.**

Where in an action for permanent damages against a city or town caused by emptying sewage into a stream on which the defendant owns his home and other realty, to its damage, etc., there is some evidence of negligence in the operation of a disposal plant, etc., for the treatment of the sewage, an instruction is erroneous which charges the jury that an adverse verdict would vest a perpetual right in the defendant to continue to operate as they were then doing; and it appearing in this case that the charge influenced the verdict by increasing the amount of damages to include improper as well as a proper maintenance of the plant, it is held to be prejudicial to defendant's rights and erroneous; for the right to recover damages for each further and injurious act of defendant amounting to an additional nuisance is still open to the plaintiff in the future.

APPEAL by defendant from *Carter, J.,* at May Term, 1912, of ALAMANCE.

Civil action to recover damages for alleged nuisance, etc. There was allegation, with evidence on part of plaintiffs tending to show, that they were the owners of a tract of land in said county situate on Little Alamance Creek; that the house occupied by plaintiff for a residence was near the stream;

there was also a mill on said creek, operated by water power, and a stone dam had been erected across the stream to enable plaintiff to utilize said power, the house referred to being near the pond, etc.; that about one year before action commenced, to wit, in 1909, defendant had installed a sewerage system for the city of Burlington, and, in connection therewith, had constructed and was operating a disposal plant with septic tank for treatment of sewage before discharging same into said creek; such plant and outlet into the waters of the stream being situate about 1½ miles above plaintiff's property. That by reason of the existence of said plant and its methods of operation, a large amount of filth, excrement, and sewage and other offensive substances were daily discharged into the waters of said stream, above the home of plaintiff, and in time of freshet same was brought down and much of it lodged upon the lowlands along said stream and upon lands of plaintiff, causing most offensive smells, odors, etc.; thereby creating a nuisance which rendered home of plaintiff most uncomfortable, threatening the health of his family and causing great and permanent damage, etc., to the property. A recovery for such permanent damage was sought in the action.

The defendant, admitting the erection and operation of the sewerage plant and their intention to continue the same, averred and offered evidence tending to show that the plant in question was a modern and up-to-date plant, entirely adequate for the purpose; that it was properly operated, and that no nuisance had been created by defendant and no appreciable damage done to plaintiff's property.

On issues submitted, the jury rendered the following verdict:

"What permanent damages are plaintiffs entitled to recover of defendant on account of the construction and operation of its said sewerage system and disposal plant? Answer: $3,000."

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*Long & Long and A. L. Brooks for plaintiff.*
*E. S. W. Dameron, W. H. Carroll, and Parker & Parker for defendant.*

HOKE, J. While the general rule prevails in this State, "That unless a right of action is conferred by statute, a municipal corporation may not be held civilly liable to individuals for failure to perform or neglect in performing duties of a governmental character," it is also well recognized that neither a corporation nor other governmental agency is allowed to create or maintain a nuisance causing appreciable damage to the property of a private owner, without being liable for it. As we have recently said in the case of *Hines v. Rocky Mount,* "To the extent of the damage thereby done, it is regarded and dealt with as a taking or appropriation of the property, and such an interference cannot be made or authorized except on compensation first made by some of the recognized methods and pursuant to the laws of the land." This limitation on the more general principle was declared and upheld in a well considered opinion by *Associate Justice Manning* in *Little v. Lenoir,* 151 N. C., 415, and the position is in accord with right reason and the great weight of authority. *Hines v. Rocky Mount, supra,* and cases cited; 3 Abbott on Municipal Corporations, sec. 961; 1 Lewis Eminent Domain, 3d Ed., sec. 65; Dillon on Municipal Corporations, sec. 1047; Wood on Nuisances, sec. 427; Joyce on Nuisances, sec. 284. Quoting from Joyce an excerpt approved by the learned judge in *Little v. Lenoir,* the author says: "Though a municipality or other body has power to construct and maintain a system of sewers, and although the work is one of great public benefit and necessity, nevertheless such public body is not justified in exercising its power in such a manner as to create, by a disposal of its sewage, a private nuisance, without making compensation for the injury inflicted or being responsible in damages therefor, or liable for equitable restraint in a proper case; nor can these public bodies exercise their powers in such a manner as to create a public nuisance, for the grant presumes a lawful exercise of the power conferred, and the authority to create a nuisance will not be inferred. It therefore constitutes a nuisance to pollute and contaminate a stream by emptying sewage of a city therein, rendering it unwholesome, impure, and unfit for use."

On the question of defendant's liability, the cause has been properly tried in the light of these principles, and, on the question of damages, his Honor correctly applied the rule as it obtains with us, that the damages are confined to the diminished pecuniary value of the property incident to the wrong. *Metz v. City of Asheville,* 150 N. C., 748; *Williams v. Greenville,* 130 N. C., 93, the evidence as to specific cases of sickness in plaintiff's family having been admitted and its consideration allowed only as it tended to establish the existence of the nuisance and the amount of damage done to the property.

While the cause, however, has been in the main carefully and correctly tried, we think there must be a new hearing on the issues by reason of the portion of his Honor's charge, duly excepted to, as follows: "No matter what the result of this case, the city would not acquire any right to discharge raw or untreated sewage into the stream, but, if the plaintiffs should prevail in this action and have an award of damages, that would operate to vest perpetually in the city of Burlington the right to operate and maintain this sewerage system and disposal plant in the way and manner in which it is now operated and maintained."

Although the testimony on the part of plaintiff and defendant is in direct conflict both as to the nuisance and the damage, there are facts in evidence from which the existence of an indictable public nuisance and of negligent methods in the operation of the plant could well be inferred. From the general language of this charge, the jury might very well have concluded that the force and effect of a verdict for plaintiff would establish and justify the continuance of both conditions, and that their award of damages should be estimated in view of this result. The right of a plaintiff to recover permanent damages for the entire injury in certain cases is well recognized here. *Harper v. Lenoir,* 152 N. C., 728; *Parker v. R. R.,* 119 N. C., 667; *Ridley v. R. R.,* 118 N. C., 996. But, when a work of this character is justified and to be continued by reason of a recovery of permanent damages incident to its erection and maintenance, the principle is allowed to prevail on the theory that such a work is carefully conducted and properly carried on,

and, if there is default in this respect amounting to actionable negligence, this would give rise to a new cause of action, and the recovery for permanent damages would not be effective as a protection. *Duvall v. R. R.,* 161 N. C., 448. And, in view of all the facts in evidence, we think the portion of the charge referring to the verdict was not sufficiently restrictive as to its effect on the right of plaintiffs as individual litigants, and that the minds of the jury were allowed too wide a range in their estimate of the amount of damages, and to such an extent that the charge should be held for reversible error.

We are confirmed in this view by the very great difference as shown in the record between the amount allowed in the present verdict and the award of a former jury on the same issue and substantially the same state of facts, giving indication that the directions excepted to very likely had controlling effect to defendant's prejudice. We are of opinion that defendant is entitled to a new trial of the cause, and it is so ordered.

New trial.

WALKER and ALLEN, JJ., concur in result.