THE OBSERVER COMPANY v. REMEDY SALES CORPORATION.

(Filed 5 May, 1915.)

**1. Principal and Agent—Evidence of Agency—Ratification.**

> The statement by the secretary and treasurer of a corporation that an account rendered to it was correct is some evidence of the authorized act of one having made the contract to bind the company thereto as its agent.

**2. Principal and Agent—Evidence of Agency—Books.**

> Where a corporation is sought to be bound as principal for the acts of another, it is not reversible error for the trial judge to refuse to strike out the testimony of a witness, on the question of agency, that it was understood that the one acting was the authorized agent, when the corporation books, introduced in evidence, disclose that he was such agent at the time.

**3. Principal and Agent—Appeal and Error—Harmless Error.**

> A corporation sought to be bound by the acts of one purporting to be its agent, it is not reversible error for the judge to charge the jury that a person may act as the agent for half a dozen corporations, and, apart from the fact of its being true in this case, it could not have affected the verdict.

APPEAL by defendant from *Shaw, J.,* at November Term, 1914, of MECKLENBURG.

Action to recover the amount of an account for advertising.

There was a judgment in favor of the plaintiff, and the defendant excepted and appealed.

*Thaddeus A. Adams for plaintiff.*
*Flowers & Jones for defendant.*

PER CURIAM. We have carefully examined the exceptions relied on by the defendant and find no reversible error.

The admission of the correctness of the account, when it was presented to the defendant, by Mr. Powers, who was then its secretary, treasurer,

and general manager, was sufficient to carry the case to the jury, and there was other evidence tending to sustain the plaintiff's claim.

The letter of Guy V. Barnes was competent, but its effect was dependent upon the evidence introduced to show his authority to bind the defendant or of ratification by the defendant.

The statement by Powers, that he understood that Barnes was manager of the defendant company prior to the time he became manager, was objectionable as hearsay; but no harm came to the defendant from the refusal to strike out this evidence, because the books of the company were admitted in evidence, and they showed that Barnes had been manager, and the date of his election.

The statement of his Honor, during the argument of the defendant for a judgment of nonsuit, that one man could represent one-half dozen different corporations, was true, and in any event could not have affected the verdict.