T. H. BOWEN AND WIFE, FANNIE V. BOWEN, v. L. F. WORTHINGTON.

(Filed 24 March, 1926.)

**1. Appeal and Error—Evidence—Harmless Error—Prejudice.**

Where a purchaser of lands has assumed the payment of notes in a series secured by a mortgage on the *locus in quo,* and an issue involves the question of whether the plaintiff had paid one of these notes, the admission of merely cumulative evidence in impeachment or corroboration on the trial in favor of the adverse parties will not be held for reversible error, when the other evidence in the case is sufficiently probative to render the evidence erroneously admitted inconsequential, and it sufficiently appears that a new trial would not result in a different verdict.

2. Bills and Notes—Negotiable Instruments—Possession—Delivery by Mistake—Burden of Proof.

The fact of possession of a negotiable note in the hands of the maker, where the evidence is conflicting upon the question of whether it had been delivered by mistake with another note in the series, attached and marked "paid," does not relieve the maker, asserting payment in his action, to prove that it had been paid.

3. Instructions—Opinion Upon the Evidence—Statutes.

Under the facts of this case: Held, no reversible error is found in the instructions to the jury under the exception that the judge had expressed his opinion upon the weight and credibility of conflicting evidence contrary to C. S., 564.

APPEAL by plaintiff from Bond, J., at August Term, 1925, of PITT. No error.

Action to enjoin and restrain the sale of land under the power of sale contained in a mortgage executed by D. C. Creech to L. F. Worthington to secure the payment of seven notes described therein. These notes were executed by D. C. Creech; they are payable to L. F. Worthington and due on 1 November, 1919, 1920, 1921, 1922, 1923, 1924 and 1925, respectively. Subsequent to the registration of said mortgage and before the maturity of any of the notes secured thereby, D. C. Creech and his wife conveyed the tract of land described therein, to plaintiff, Fannie V. Bowen, who assumed the payment of the notes executed by D. C. Creech and payable to defendant. Fannie V. Bowen paid the note which became due on 1 November, 1919, and the interest on the remaining notes accrued to that date. In December, 1920, defendant under the power of sale contained in the mortgage, advertised the land for sale on 24 January, 1921. There is a provision in the mortgage by which it is agreed that upon default in the payment of any one of the notes, all shall become due at date of such default. This action was begun by plaintiff on 15 January, 1921, to restrain the said sale, upon her allegation that she had paid the note due 1 November, 1920. This allegation was denied by defendant. The restraining order was continued to the hearing. At the trial the only issue submitted to the jury was as follows: "Was the note due and payable 1 November, 1920, fully paid and satisfied by plaintiff, Mrs. Bowen, as alleged in the complaint?" The jury answered this issue "No."

From the judgment rendered, plaintiff appealed.

*Albion Dunn and F. G. James & Son for plaintiffs.*
*S. J. Everett and S. O. Worthington for defendant.*

CONNOR, J. The validity of the judgment from which plaintiff has appealed to this Court depends upon whether or not she has paid the

note executed by D. C. Creech, payable to L. F. Worthington and due on 1 November, 1920. This is one of a series of seven notes secured in a mortgage executed by D. C. Creech to L. F. Worthington for the balance due by him upon the purchase price for the land described therein; plaintiff is now the owner of said land, having acquired title thereto by the deed of D. C. Creech and his wife to her. She alleges in her complaint that as part of the purchase price which she agreed to pay to Creech for the said land, she "obligated and bound herself to pay and assume the payment of the seven notes" secured by said mortgage. She admits that she thereby became liable for the payment of the note involved in this controversy. The jury has found that said note has not been paid. The court thereupon adjudged that defendant is entitled to recover of plaintiff the amount of the note, and dissolved the order enjoining and restraining defendant from selling the land under the power of sale contained in the mortgage.

Plaintiff contends that there was error on the trial of the issue submitted to the jury which was prejudicial to her; these contentions are duly presented to this Court by assignments of error based upon exceptions to the admissions of testimony as evidence and upon exceptions to instructions given to the jury by the court.

An examination of the exceptions to the refusal of the court to sustain plaintiff's objections to the admission of testimony, as stated in the case on appeal, discloses that the testimony admitted over the objections of plaintiff was offered and admitted, not as substantive evidence, but for the purpose of impeaching witnesses for plaintiff or of corroborating witnesses for defendant. It is admitted that on or about 1 November, 1919, plaintiff, accompanied by her two sons, went in an automobile to the home of defendant and then and there paid to defendant, by check, the amount due on the note which matured on 1 November, 1919, together with the amount due as interest to that date on the remaining notes; that on this occasion the wife of defendant, in his presence and at his request, marked said note "Paid" and delivered same to plaintiff.

Plaintiff and her two sons testified that thereafter, in December following, they again went in an automobile to defendant's home; that plaintiff then and there paid to defendant in currency the amount due on the note which matured on 1 November, 1920, thus paying the note nearly a year before it was due; that defendant's wife at that time, in his presence and at his request, delivered to plaintiff the note due 1 November, 1920, marked "Paid."

Both defendant and his wife testify that plaintiff and her two sons came to their home on only one occasion, to wit, on or about 1 November, 1919; that they did not come to defendant's home in December, 1919, and that plaintiff has not paid the note due 1 November, 1920;

that the note due 1 November, 1919, and the note due 1 November, 1920, were written on the same sheet of paper; that when the amount due on the note maturing on 1 November, 1919, together with interest on all the notes, was paid by plaintiff by check on or about 1 November, 1919, defendant's wife inadvertently and by mistake delivered to plaintiff the sheet of paper on which were written both notes; that only the note due on 1 November, 1919, and then paid by plaintiff was marked "Paid"; that the note due on 1 November, 1920, was not marked "Paid" by either defendant or his wife.

The only witnesses who, according to all the evidence, were present on the occasion of the payment by plaintiff of the note due 1 November, 1919, were plaintiff and her two sons and defendant and his wife. Plaintiff and her two sons who testified as to the second visit, also testified that the only persons then present were plaintiff and her two sons, and defendant and his wife. There was sharp conflict in the testimony of witnesses for plaintiff and defendant as to what occurred on the day when it is admitted that plaintiff came to defendant's home; there is also sharp conflict between witnesses for plaintiff and defendant as to whether or not there was a subsequent visit by plaintiff to defendant's home. Evidence was offered by defendant upon which he contended that the jury should find that the general character of plaintiff was bad. There was evidence offered by plaintiff to the contrary; that she was a woman of good character. There was also much evidence relied upon by both plaintiff and defendant to corroborate their respective witnesses and to contradict the testimony of witnesses for the opposing party. We find no error in the rulings of his Honor upon plaintiff's objections to the admission of testimony which entitle plaintiff to a new trial. *Perry v. Surety Co.,* 190 N. C., 284; *Rierson v. Iron Co.,* 184 N. C., 363; *Brewer v. Ring,* 177 N. C., 477. *Justice Walker,* in the latter case, says: "The motion for a new trial should be meritorious and not based upon merely trivial errors committed, manifestly without prejudice. Reasons for attaching great importance to small and inocuous deviations from correct principles have long ceased to have that effect and have become obsolete. The law will not now do a vain and useless thing." If it be conceded that according to strict principles, and technical rules of practice, some of the evidence should not have been admitted, we cannot hold that the admission of such evidence, merely corroborative, and cumulative even for that purpose, was prejudicial error, entitling plaintiff to a new trial.

In a trial lasting through several days, where the issue submitted to the jury involves only a controversy as to the facts of a transaction between the parties to the action, who each relies chiefly upon his own testimony as substantive evidence to support his contention, where the testimony of many witnesses is offered by each party for the purpose

of corroborating his own witnesses, or of contradicting the witnesses of his adversary—much of such testimony as evidence being merely cumulative—and where latitude is sought by and allowed to each party, by the judge, slight departure from strict rules of evidence, as stated by text-writers, and approved by the courts, although objected to in apt time, and resulting in the admission of evidence contrary to such rules, over objections, will not be held for reversible error unless it clearly appears, upon appeal, that prejudice to the complaining party has manifestly resulted. A verdict rendered upon competent evidence ought not to be set aside because some evidence of slight probative force, and merely cumulative, offered by the successful party, was also submitted to the jury, which under strict rules, should have been rejected. The doctrine of harmless, or nonprejudicial error may not commend itself to some legal minds, which emphasize the letter rather than the spirit of the law; it is, however, essential to a practical administration of the law by the courts which must necessarily rely upon human agencies to perform their functions.

Assignments of error, based upon exceptions to instructions contained in the charge to the jury cannot be sustained. The burden of the issue was, as his Honor instructed the jury, upon plaintiff, who admitted the execution of the note and her liability for its payment. C. S., 3105, has no application. Defendant did not admit that the note had been canceled, or marked "Paid," while in his possession, either unintentionally, or under a mistake, or without his authority. He contended that plaintiff had obtained possession of the note by reason of the mistake or inadvertence of his wife, who unintentionally delivered same to plaintiff. Mere possession of the note by plaintiff, who had assumed the liability of the maker, while evidence of its payment by her, was not sufficient to relieve her of the burden of offering evidence to sustain her allegation that she had paid the note, and that defendant had canceled it, by marking the same "Paid."

Nor can we hold that his Honor failed to observe the provisions of C. S., 564, in his charge to the jury. It does not appear with ordinary certainty that in his statement of the contentions of the parties, his Honor indicated to the jury that he had an opinion as to whether or not any fact involved in the issue had been fully or sufficiently proved. It is apparent that his Honor stated the contentions of the parties in the language used by counsel in the argument to the jury. The jury as intelligent men must have so understood; we find no error in the instructions or in the charge. The judgment must be affirmed.

No error.