L. HARVEY & SON COMPANY, INC., v. I. M. TULL AND WIFE, OLLIE H. TULL, C. OETTINGER, TRUSTEE KINSTON GARAGE, INC., AND W. C. FIELDS.

(Filed 24 November, 1926.)

APPEAL by defendants from *Bond, J.,* and a jury, at February Term, 1926, of LENOIR. No error.

*Cowper, Whitaker & Allen and F. E. Wallace for plaintiff.*
*Rouse & Rouse for defendants.*

PER CURIAM. This is a civil action brought by plaintiff for the foreclosure of a deed of trust for $9,017.80, dated 1 June, 1923, on the "Tower Hill" tract of the land of defendant I. M. Tull.

Defendants in their brief say: "It will be of interest to know that this Tower Hill tract was formerly owned by Governor Arthur Dobbs, during whose administration the seat of government was located there, which historical fact is commemorated by a marker placed by the Daughters of the American Revolution. . . . The alleged indebtedness consisted of advances made to the defendant, I. M. Tull, and his tenants for farm supplies for the years 1920, 1921 and 1922, which years brought adversity to the defendant Tull, as to thousands of other farmers throughout the land. Mr. Tull was doing an extensive farming business and was unable to meet the amounts falling due in 1920, 1921 and 1922, and of necessity balances were carried over from year

to year, with the result that in 1923, in the circumstances as related in the evidence, the deed of trust sued on was executed."

Sundry allegations of defense are made that we do not think necessary to set forth seriatim or discuss. They are denied by plaintiff. The issue submitted to the jury was: "What was the total sum due to L. Harvey & Son Company by the defendants, I. M. Tull and wife, when the notes for $9,017.80 and deed of trust to secure the same were executed? Answer: $7,818.69."

We have read carefully the record of 97 pages—plaintiff's brief of 22 pages and defendants' of 14 pages. We have made a thorough investigation of all legal contentions presented on the record by both sides to the controversy, and we can find no prejudicial or reversible error.

"Verdicts and judgments are not to be set aside for harmless error, or for error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, amounting to a denial of some substantial right. *In re Ross,* 182 N. C., 477; *Burris v. Litaker,* 181 N. C., 376." *Wilson v. Lumber Co.,* 186 N. C., 57; *Lumber Co. v. Sturgill,* 190 N. C., 776.

In *Leak v. Armfield,* 187 N. C., p. 628, it was said: "In *Lea v. Johnson,* 31 N. C., 19, *Pearson, J.,* said: 'Hard cases are the quicksands of the law. In other words, a judge sometimes looks so much at the apparent hardship of the case as to overlook the law.' In *Cureton v. Moore,* 55 N. C., 207, it was said: 'A court of equity can no more relieve against "hard cases" unless there be some ground of equity jurisdiction, than a court of law, for both courts act upon general principles. Equity, as well as law, is a science, and does not depend upon *the discretion* of the court entrusted with equity jurisdiction, or the vague ideas that may be entertained as to "hard cases." It may be "hard measure" to sell, but this is universally so.' " *Griffin v. Griffin,* 191 N. C., p. 227, at p. 230. On the record there is

No error.