FRANK ROGERS, BY HIS NEXT FRIEND, H. W. ROGERS, v. DR. J. D. FREEMAN.

(Filed 7 April, 1937.)

**Appeal and Error § 39—**

A new trial will not be granted for error that is not prejudicial and material, amounting to a denial of some substantial right, and *held* in this case no prejudicial or material error was made to appear.

STACY, C. J., dissents.

APPEAL by plaintiff from *Alley, J.,* and a jury, at January Special Term, 1937, of SAMPSON. No error.

This is an action for actionable negligence (malpractice) brought by plaintiff against defendant to recover damages. The action is brought by Frank Rogers, a minor, by his next friend, H. W. Rogers, his father. Frank Rogers was injured while playing in the yard with

children—in some way a baby two years of age got hold of a pair of scissors and stuck them in his left eye. This was on 8 July, 1929. The boy, who was five years old at the time, was immediately taken to the defendant in Wilmington, N. C., who was an eye, ear, nose, and throat specialist. From that time until 1 October, 1929, Frank Rogers was a patient of defendant. It is alleged in the complaint that defendant was guilty of malpractice, in that he negligently treated Frank Rogers' left eye, which became blind, and further that he negligently failed to remove the left eye, and in consequence Frank Rogers lost the sight of his right eye and is now totally and permanently blind in both eyes. That on account of the negligent acts and omissions of the defendant and the failure of the defendant to exercise and use due and reasonable care and skill in the treatment of Frank Rogers, he became totally and permanently blind, and demands damages.

The defendant in his answer denied the material allegations of the complaint, and alleged that he used every precaution and care that was possible in the treatment of Frank Rogers. That he did not in any way or manner neglect his patient in administering said treatment, and that further, H. W. Rogers, the father of Frank Rogers, was negligent and careless in not carrying out his instructions and in not informing him of the condition of the child's eye; that he did everything possible in the science of medicine for the proper treatment of the patient. That an action was heretofore instituted and at the August Term, 1932, of Duplin County Superior Court, at the close of plaintiff's evidence the court rendered judgment as of nonsuit. That this action was identical with the present action, which was brought some time afterwards. In the trial of this action the above judgment was not considered.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the injury to the plaintiff Frank Rogers caused by the negligence of the defendant, as alleged in the complaint? Answer: 'No.'

"2. What damages, if any, is the plaintiff Frank Rogers entitled to recover of the defendant? Unanswered."

Judgment was rendered on the verdict, plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*Sutton & Greene, Jesse A. Jones, and Butler & Butler for plaintiff.*
*Carr, James & LeGrand and Stevens & Burgwin for defendant.*

PER CURIAM. We have read with care the record and assignments of error made by plaintiff. We do not think that they can be sustained. Taking the record as a whole, we think there is no prejudicial or reversible error. The court below in the charge recited the evidence, gave the

contentions fairly for both sides, and charged the law applicable to the facts. The court fully set forth and defined burden of proof, negligence, and proximate cause. In fact, the charge, with additional instructions to the jury, comprises some 35 pages. We think the exceptions and assignments of error to the charge and to the admission and exclusion of evidence were not so material, if error, that would amount to prejudicial or reversible error.

It is well settled in this jurisdiction that verdicts and judgments are not to be set aside for harmless error, or for mere error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, amounting to a denial of some substantial right.

It would be hard to find a more pathetic case—a boy going through life blind in both eyes, when once he could see. The brief and argument of plaintiff were clearly and forcefully set forth, but we cannot on the entire record hold that there was prejudicial or reversible error. The jury were the triers of the facts, and decided with defendant that the injury was not caused by the negligence of defendant.

For the reasons given, we find in the judgment of the court below
No error.

STACY, C. J., dissents.