CITY OF DURHAM v. M. V. LAWRENCE AND WIFE, NETTIE M. LAWRENCE.

(Filed 1 February, 1939.)

**1. Trial § 49: Damages § 14: Appeal and Error § 37b—**

In proceedings in condemnation, the trial court's refusal of motions to set aside the verdict for failure to allow a jury view and on the ground that the amount awarded was excessive, is in the exercise of his sound discretion, and his refusal of the motions is not reviewable in the absence of abuse of discretion.

**2. Eminent Domain § 8—Charge held not to instruct jury that anticipated injury from negligent operation of easement condemned might be allowed.**

In this proceeding by a municipality to condemn an easement over defendants' land for an outfall sewer line having five manholes on defendants' property, plaintiff's witness, the city engineer, testified that sewer lines would sometimes become stopped up between manholes, causing the manholes to overflow. In the charge, the court referred to overflows from the sewer line and to odors emanating therefrom in stating defendants' contentions. *Held:* The charge, in referring to overflows and odors from the sewer line, referred to such elements of damage in stating defendants' contention as to results reasonably to be apprehended from and incident to the proper construction and maintenance of the sewer line, and is not erroneous as including as an element of damages those that might be expected from the negligent construction or operation of the sewer line.

APPEAL by plaintiff from *Olive, Special Judge,* at April Term, 1938, of DURHAM. No error.

This was a proceeding instituted by the city of Durham for the purpose of condemning a permanent easement consisting of a right of way across defendants' land for a sewer outfall and pipe line. Defendants' tract of land contained 75 acres, and (according to defendants' evidence) extended to within 150 yards of the corporate limits of the city. The right of way sought to be acquired was 25 feet in width and extended a distance of 2,161.7 feet across defendants' land. On the sewer line as constructed through defendants' land there were five manholes.

The petition in the condemnation proceeding was filed 25 October, 1935. In due time answer was filed and appraisers appointed. Upon the coming in of the appraisers' report, exceptions were filed, and the cause transferred to the civil issue docket. It was stipulated of record that the proceedings were in all respects regular, and "that the taking of the land in controversy was necessary to public interest." In 1936 defendants had the tract of land surveyed and platted for subdivision into lots. The map and plats were submitted to and approved by the city engineer, in compliance with the requirements of the city for subdivisions within a mile of the corporate limits. The purpose of this requirement was to insure conformity with the city streets and plans.

The following issue was submitted to the jury:

"What compensation are the defendants entitled to recover of the petitioner, city of Durham, on account of the condemnation of the easement and right of way over the land described in the petition for an outfall sewer line and pipe line as described in the petition?"

The jury having answered the issue $3,000, judgment was entered accordingly, and plaintiff appealed.

*Claude V. Jones for plaintiff, appellant.*
*Fuller, Reade, Umstead & Fuller for defendants, appellees.*

DEVIN, J. The power of the city of Durham to condemn a right of way over the defendants' land, for the purpose of constructing and permanently maintaining a sewer pipe line and outfall, having been admitted, and the proceedings for the exercise of that power being in all respects regular, the only question at issue was the amount of the compensation to be awarded the defendants for the easement thus acquired by the city over and through their lands.

In due course, a jury of the county, after hearing all the evidence relating thereto, has determined the amount of compensation due the defendants to be three thousand dollars. The trial judge, who also heard

all the evidence, has declined to set aside the verdict, either on the ground of the failure of the court to allow a jury view, or on the ground that the amount awarded was excessive. These were matters within the sound discretion of the court (*Freeman v. Bell,* 150 N. C., 146, 63 S. E., 682; *Harvey v. R. R.,* 153 N. C., 567, 69 S. E., 627). No abuse of discretion is suggested. We may not test in the balances of judicial review the weight and sufficiency of the evidence.

The appellant's assignments of error based on exceptions noted to the rulings of the court in the reception of evidence are without merit. Appellant also excepted to certain portions of the judge's charge to the jury, but upon examination we find none of these can be sustained. *Rogers v. Freeman,* 211 N. C., 468, 190 S. E., 728.

The reference by the court in the charge to overflows from the sewer line and to odors emanating therefrom was made in stating the defendants' contentions, and this was based in part upon the testimony of plaintiff's witness, the city engineer, that sewer lines would sometimes become stopped up between manholes, causing the manholes to overflow. No exception to this statement of defendants' contention was noted at the time (*S. v. Herndon,* 211 N. C., 123, 189 S. E., 173). The reference by the court to this testimony, in this connection, may not properly be understood as allowing the jury to consider damages caused by negligent operation of the sewer lines in determining the compensation to be awarded for the easement condemned, but rather as the statement of defendants' contention of results reasonably to be apprehended from and incident to proper construction and maintenance of the sewer lines. Viewed in this light, the charge of the court affords the plaintiff no just ground of complaint. *Lambeth v. Power Co.,* 152 N. C., 371, 67 S. E., 921; *Moser v. Burlington,* 162 N. C., 141, 78 S. E., 74; *R. R. v. Armfield,* 167 N. C., 464 (467), 83 S. E., 809; *Moses v. Morganton,* 195 N. C., 92, 141 S. E., 484.

The case seems to have been properly and fairly submitted to the triers of the facts and they have fixed the amount of compensation which they found from the evidence to be justly due the defendants. We have discovered no ruling or action on the part of the trial court which we apprehend should be held for reversible error.

In the trial we find

No error.