ESTELLE COLLINS and Husband, D. G. COLLINS; MARY LAMB BRITT
and Husband, J. D. BRITT; ANDREW LAMB and Wife, LILLIAN
LAMB; ANNIE BELLE MARTIN and Husband, I. M. MARTIN; HIL-
BERT LAMB and Wife, MICA GRACE LAMB; and RUBY D. KINLAW,
Minor, by Her Next Friend, HILBERT LAMB (Original Parties
Plaintiff); and MRS. CATTIE LAMB, Widow of E. F. (ZEBEDEE)
LAMB (Additional Party Plaintiff), v. HENRY LAMB.

(Filed 31 May, 1939.)

1. **Evidence § 32—**

C. S., 1795, does not preclude a witness from testifying to independent
facts and circumstances within her observation and knowledge or from
giving evidence of what she saw or heard take place between the de-
ceased and another or others, not involving personal transactions be-
tween herself and the deceased.

2. **Appeal and Error § 38—**

The burden is upon appellant not only to show error but also that the
rulings complained of were prejudicial.

3. **Appeal and Error § 39a—**

A new trial will not be awarded for error unless the error is preju-
dicial and probably influenced the jury in rendering the verdict.

BARNHILL, J., dissents.

APPEAL by defendant from *Sinclair, J.*, at October Term, 1938, of
ROBESON. No error.

*E. J. & L. J. Britt and McLean & Stacy for plaintiffs.*
*Varser, McIntyre & Henry for defendant.*

DEVIN, J. This was an action to set aside two deeds executed by
Zebedee Lamb and his wife, Cattie C. Lamb, to the defendant Henry
Lamb, which it is alleged were never delivered by the grantors. Zebe-
dee Lamb is dead, and the plaintiffs and the defendant are his children
and heirs at law. Cattie C. Lamb, his widow, survives and is a party
plaintiff.

Upon issues submitted the jury found (1) that the deeds had been
placed by the grantor in the keeping of Cattie C. Lamb under agree-
ment that they be retained and not recorded during his life time, and
(2) that defendant wrongfully and against remonstrance of Cattie C.
Lamb and in violation of the agreement obtained possession of the deeds
and had same recorded, and (3) that upon demand by the grantor the
defendant refused to restore the deeds or reconvey the lands. Defend-
ant appealed from judgment rendered in accord with the verdict.

Appellant's principal assignments of error relate to the rulings of the trial judge in the admission of evidence which he contends was prohibited by C. S., 1795. The restriction upon the admission of testimony contained in this section has been recently considered by this Court, and numerous decisions thereunder collected and cited in *Wilder v. Medlin, ante,* 542, and *Burton v. Styers,* 210 N. C., 230, 186 S. E., 248. The provisions of the statute are clear, but their application to particular cases frequently involves difficulty. In this case it appears that Cattie C. Lamb, a party plaintiff, testifying against the defendant, who derived his title from Zebedee Lamb, was rendered incompetent by the statute to give evidence concerning a personal transaction or communication between herself and the deceased. But she was not thereby precluded from testifying to independent facts and circumstances within her observation and knowledge, or from giving evidence of what she saw or heard take place between the deceased and another or others which did not involve a personal transaction or communication between herself and the deceased. She was competent to testify to transactions and communications between herself and the defendant which did not necessarily involve matter within the inhibition of the statute. A careful examination of the evidence of this witness, to which numerous exceptions were noted, leads us to the conclusion that while in several instances the trial judge permitted testimony which came within the prohibition of the statute, this ruling of the court was not sufficiently prejudicial to require a new trial. We cannot hold that the result was thereby affected, and the burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby.

"Verdicts and judgments are not to be set aside for harmless error or for mere error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, amounting to a denial of some substantial right." *Wilson v. Lumber Co.,* 186 N. C., 56, 118 S. E., 797; *Rogers v. Freeman,* 211 N. C., 468, 190 S. E., 728; *Shelly v. Grainger,* 204 N. C., 488 (498), 168 S. E., 736; *Harvey v. Tull,* 192 N. C., 826, 135 S. E., 534; *In re Ross,* 182 N. C., 477, 109 S. E., 365; *In re Thorp,* 150 N. C., 487, 64 S. E., 379. There was ample competent evidence from this and other witnesses to support the allegations of the complaint and to justify the verdict of the jury. *Wolfe v. Smith, ante,* 286.

Other exceptions were noted by defendant to the ruling of the court below in the admission or exclusion of testimony, and to the form of the issues submitted, but upon examination we find these exceptions without

substantial merit.   Exceptions were likewise noted to the judge's charge. Appellant complains that the trial judge did not declare and explain the law arising upon the facts in evidence, as required by C. S., 564.   However, the case was one involving essentially issues of fact and these seem to have been fairly presented to the jury, with the burden of proof placed upon the plaintiffs throughout.

The record reveals the diligence of appellant's able counsel.   Nothing has been overlooked that might help his cause.   But the jury has accepted the view presented by the evidence of the plaintiffs, and rendered a verdict in accord with their contentions.   Upon consideration of the entire record we reach the conclusion that the judgment below should be affirmed.

No error.

BARNHILL, J., dissents.