TOLLEY *v.* CREAMERY, INC., and PLEMMONS *v.* CREAMERY, INC.

The Jacksons have not been made parties to the suit, and no attempt has been made by the plaintiff to work out its equity through any authority from them, other than that supposed to be contained in the successive transfers of the legal title.

If we looked alone to the assertion of this equity, which is, of course, the paramount relief sought for, we would be compelled to sustain the demurrer in the present state of the pleading.

But the plaintiff alleges that defendants have wrongfully taken from it, the lawful owner, the possession of the whole building, are collecting the rents for it, and not only refuse to account for them, but are demanding of plaintiff a payment to them of the rentals collected for a long period of years, during which plaintiff has paid taxes and kept the premises in repair. In this aspect the complaint is sufficient to support a demand for ejectment of defendants from plaintiff's admitted portion of the house, and an accounting from them of the rents. It is immaterial whether this is included in the prayer, if the allegations in the complaint warrant it. *Knight v. Houghtalling,* 85 N. C., 17; *McNeill v. Hodges,* 105 N. C., 52, 11 S. E., 265; *Lipe v. Trust Co.,* 206 N. C., 24, 173 S. E., 316; *Bolich v. Ins. Co.,* 206 N. C., 144, 173 S. E., 320; *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E. (2d), 369; *Sparrow v. Morrell & Co.,* 215 N. C., 452, 2 S. E. (2d), 365.

We are quite aware this might prove a Pyrrhic victory for plaintiff, if it should be unable to assert successfully the equity which it claims; but we are not permitted to strike down a pleading, against the protest of the pleader, when the Court might give some relief on the facts alleged, although not that asked for in the prayer. See authorities, *supra.*

What the plaintiff may do hereafter to "mend its licks," if anything, is not, at present, a concern of the Court.

On both appeals, the judgment is

Affirmed.

---

CLATE H. TOLLEY v. DAIRYMEN'S CREAMERY, INC.,
and
WILLIAM PLEMMONS v. DAIRYMEN'S CREAMERY, INC.

(Filed 6 March, 1940.)

**1. Appeal and Error § 39d—Admission of evidence cannot be held prejudicial when evidence of same import is admitted without objection.**

Plaintiffs objected to the admission of the record of the hospital to which one of the plaintiffs was taken after the injury in suit, on the ground that it was not properly identified, and contended that its admission was prejudicial as tending to contradict the testimony of one of the

plaintiffs that he was unconscious after the accident and to corroborate the testimony of one of defendant's witnesses that the plaintiff had made a statement to him on the way to the hospital. Plaintiffs abandoned their objection to the admission of the signed statement, which had been dictated by the physician later during the day on which plaintiff was admitted to the hospital, which statement contained a like import that the plaintiff was conscious. *Held:* The admission of the physician's statement rendered harmless the admission of the hospital record, the difference in the time and authorship of the writings not being sufficient to take the case out of the general rule.

**2. Appeal and Error § 38—**

The burden is upon the appellant to show not only that error was committed but also that it was prejudicial.

**3. Appeal and Error § 39d—**

A new trial will not be awarded for error in the admission of evidence which is merely cumulative or of slight probative force and could not have prejudiced the complaining party.

**4. Appeal and Error § 39a—**

A new trial will not be awarded for harmless or nonprejudicial error.

APPEAL by the plaintiffs from *Warlick, J.,* at January Term, 1940, of BUNCOMBE. No error.

These two actions, consolidated for the purpose of trial, were instituted in the general county court of Buncombe County to recover damages for personal injuries alleged to have been negligently inflicted in an automobile collision. The jury answered the first issue in favor of the plaintiffs, finding that their injuries were caused by the negligence of the defendant, and answered the second issue in favor of the defendant, finding that the plaintiffs by their own negligence contributed to their injuries.

From judgment predicated on the verdict the plaintiffs appealed to the Superior Court, assigning as errors the admission of certain evidence. In the Superior Court the plaintiffs' assignments of error were overruled and judgment entered affirming the judgment of the general county court, from which judgment the plaintiffs appealed to the Supreme Court.

*George M. Pritchard and M. A. James for plaintiffs, appellants.*
*Harkins, Van Winkle & Walton for defendant, appellee.*

SCHENCK, J. The exceptive assignment of error relied upon in the brief of the appellants was to the admission in evidence of a certain paper writing purporting to have been a part of the records kept at the Aston Park Hospital in Asheville to which the plaintiffs were taken very soon after the collision between the automobile in which they were riding and the truck operated by the agents of the defendant.

The trial in the general county court centered largely upon the issue as to contributory negligence. The plaintiffs offered evidence tending to prove that the automobile in which they were riding, driven by plaintiff Plemmons and owned by plaintiff Tolley, was being operated in a careful manner on their right-hand side of the highway, and that the defendant's truck was operated in a reckless manner on its left-hand side of the highway and made to collide with their automobile, causing it to get beyond control and to wreck against or under the end of a bridge at the side of the highway.

The defendant offered evidence tending to show that its truck was being operated in a careful manner on its right, and proper, side of the highway, and that the automobile in which the plaintiffs were riding was driven across the center line of the highway, on to its left side thereof, thereby causing the collision.

The defendant offered the testimony of the deputy sheriff, who drove the plaintiff Plemmons from the scene of the wreck to the hospital, to the effect that Plemmons while en route to the hospital said: "The road was foggy there, and the road, he thought the road was clear, and he pulled out and hit the truck, best I remember. I wouldn't say he was unconscious at that time."

The plaintiff Plemmons testified in effect that he was unconscious the whole time he was being transported to the hospital and therefore he did not then make the statement that "he pulled out and hit the truck," or any other statement as to what caused the collision.

The paper writing, the admission of which in evidence is made the basis of the exceptive assignment of error relied upon, was what is known as the "personal history" of the patient and contained the statement: "Patient admitted to hospital after an automobile accident complaining of pain in left leg with inability to use that extremity and bleeding from cut on head."

It is the contention of the plaintiffs that this paper writing was never properly identified by the person who made it, or under whose direction it was made, and was therefore incompetent, and that the statement therein contained tended to corroborate the testimony of the defendant's witness to the effect that the plaintiff Plemmons was conscious and made the statement relative to what caused the collision, and to contradict Plemmons' testimony that he was unconscious, and made no statement as to what caused the collision while en route to the hospital, and that its admission in evidence was therefore prejudicial error.

Conceding but not deciding that the admission in evidence of the paper writing, the "personal history," without proper identification was error, we think, and so hold, that such error was rendered harmless by the other competent evidence in the case. The plaintiffs' own witness,

TOLLEY *v.* CREAMERY, INC., and PLEMMONS *v.* CREAMERY, INC.

Dr. Sullivan, testified on cross-examination that he dictated and signed another paper writing known as the "physical examination," which the defendant introduced in evidence, and which contained the statement: "White adult male admitted following an automobile accident complaining of severe pain in left leg." Objection and exception to the admission in evidence of this paper writing, the "physical examination," was abandoned by the appellants. The statements in the two paper writings are practically to the same effect, so far as they relate to the controverted question, namely, was the plaintiff conscious when he was admitted to the hospital?

While it is true that Dr. Sullivan testified the "physical examination" was dictated and signed by him in the afternoon of the day on the early morning of which Plemmons was admitted to the hospital, and the evidence tended to show that the "personal history" was prepared by someone else than Dr. Sullivan upon Plemmons' admission in the early morning and before Dr. Sullivan reached the hospital, this difference in the time of the making and in the authorship of the two statements does not alter the fact that they are practically the same in effect or render the admission of the "personal history" any the less harmless. The circumstances of the making of the respective statements were placed clearly before the jury.

The burden is upon the appellant not only to show error but prejudicial error. *Collins v. Lamb,* 215 N. C., 719. If the admission of the "personal history" of the patient was error because hearsay, no harm came to the plaintiffs by its admission since the same pertinent facts therein contained were subsequently evidenced by the introduction of the "physical examination" of the patient. *Observer Co. v. Remedy Co.,* 169 N. C., 251.

Where evidence is offered by one party for the purpose of corroborating his own witness or contradicting the witness of his adversary, and such evidence is merely cumulative, departure from the strict rules of evidence will not be held for reversible error unless it clearly appears that prejudice to the complaining party has manifestly resulted. A verdict rendered upon competent evidence ought not to be set aside because some evidence, incompetent under the strict rules, of slight probative force, or merely cumulative in its nature, was offered by the successful party and submitted to the jury. The doctrine of harmless or nonprejudicial error is essential to a practical administration of the law by the courts which must necessarily rely upon human agencies to perform their functions. *Bowen v. Worthington,* 191 N. C., 468.

No error.