DR. VASILIOS S. LAMBROS v. THOMAS K. ZRAKAS AND MRS. SOPHIE ZRAKAS.

(Filed 17 October, 1951.)

**1. Evidence § 41: Appeal and Error § 6c (4): Principal and Agent § 13c—**
　　Where testimony of an alleged agent to the effect that he was acting as agent for both his mother and father is admitted in evidence without objection, such testimony is competent to be considered by the jury even though it be hearsay and embrace the declaration of the alleged agent, since the privilege of objecting to evidence if the ground of objection is known, is waived if not seasonably taken.

**2. Principal and Agent § 13d: Physicians and Surgeons § 13—**
　　Evidence to the effect that the patient's son consulted plaintiff surgeon in regard to an operation upon her, together with testimony by plaintiff without objection that the son said he was acting as agent for both his mother and father, *is held* sufficient to warrant the jury in finding the issue of agency against the mother, and overrule her motion to nonsuit in plaintiff's action to recover the balance due for professional services in performing the operation.

**3. Appeal and Error § 39e—**
　　Rulings of the court in the reception of evidence do not justify a new trial when they are not prejudicial.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Harris, J.,* and a jury, February Civil Term, 1951, of WILSON.

Civil action by plaintiff against the defendants, Thomas K. Zrakas and wife, Sophie Zrakas, to recover balance alleged to be due plaintiff for

professional services in performing a brain operation on the *feme* defendant.

The plaintiff is a brain surgeon of Washington, D. C. The defendants' son, Charles Zrakas, became acquainted with the plaintiff at a social function in Washington, and after several consultations arranged for his mother, the *feme* defendant, Sophie Zrakas, to be taken to Washington for diagnosis and surgical treatment by the plaintiff. The operation, a frontal lobotomy, was performed 10 October, 1946. It is a rare type of surgical operation, requiring a high degree of professional skill. Few members of the medical profession possess the requisite training and skill to perform this operation. The operation on Mrs. Zrakas was a technical success; she has shown satisfactory improvement.

After the operation, the defendant Thomas K. Zrakas paid the plaintiff, in four installments, a total of $1,000. The plaintiff claimed he was entitled to a fee of $3,000.

On failure or refusal of the defendants to pay the balance claimed to be due, the plaintiff instituted this action, alleging that the $3,000 charged by him was and is a fair, reasonable fee for his services, and that he is entitled to recover of both defendants the balance due of $2,000, it being further alleged in the complaint that the plaintiff's services were engaged and the operation performed in response to employment by both of the defendants.

The defendants in their answer deny that any further sum is due the plaintiff by either defendant, and they expressly deny that the *feme* defendant at any time "incurred any obligation or became obligated in any way for the payment of the plaintiff's alleged claim."

At the conclusion of all of the evidence, the *feme* defendant renewed her motion for judgment of nonsuit. The motion was denied and she excepted. Thereupon, this single issue was submitted to and answered by the jury as indicated:

"In what amount, if any, are the defendants indebted to the plaintiff? Answer: $1,738.50—No interest."

From judgment on the verdict, both defendants appealed to this Court, assigning errors.

*Gardner, Connor & Lee and Lucas & Rand for defendants, appellants.*
*Carr & Gibbons for plaintiff, appellee.*

JOHNSON, J. The defendants' chief exceptive assignment of error relates to the refusal of the court below to nonsuit the case as to the defendant Sophie Zrakas.

It is alleged in the complaint that both defendants, "acting by and through their son and agent Charles Zrakas, engaged and employed the

LAMBROS v. ZRAKAS.

. . . services of plaintiff for medical diagnosis . . . and . . . surgical treatment upon defendant Mrs. Sophie Zrakas."

It is admitted in the defendants' answer that "the defendant Thomas K. Zrakas, acting by and through his son Charles Zrakas, engaged and employed the professional services of the plaintiff, for the treatment of said defendant's wife."

The plaintiff, testifying as a witness in his own behalf, related the details of the several conferences he had with Charles Zrakas in working out preliminary and final arrangements for the diagnosis and treatment, including conferences both before and after Mrs. Zrakas arrived in Washington for the operation. He also stated that he talked with Mrs. Zrakas at length the night before the operation. The plaintiff then testified that "He (Charles Zrakas) said he was acting both for his mother and his father." This testimony was received in evidence without objection. Therefore, though it is hearsay and also embraces the declaration of the alleged agent (*Parrish v. Mfg. Co.,* 211 N.C. 7, 188 S.E. 817), it went to the jury for its full evidentiary value. *S. v. Fuqua, ante,* 168, 66 S.E. 2d 667; *Maley v. Furniture Co.,* 214 N.C. 589, 200 S.E. 438; *Webb v. Rosemond,* 172 N.C. 848, 90 S.E. 306.

Dean Wigmore states the rule this way: "The initiative in excluding improper evidence is left entirely to the opponent,—so far at least as concerns his right to appeal on that ground to another tribunal. The judge may of his own motion deal with offered evidence; but for all subsequent purposes it must appear that the opponent invoked some rule of Evidence. A rule of Evidence not invoked is waived." Wigmore on Evidence, 3d Ed., Vol. I, Sec. 18, p. 321.

The reasons for this rule are succinctly stated in this excerpt from *Cady v. Norton,* 14 Pick. 236 (Mass.) :

"The right to except (*i.e.,* object) is a privilege, which the party may waive; and if the ground of exception is known and not seasonably taken, by implication of law it is waived. This proceeds upon two grounds; one, that if the exception is intended to be relied on and is seasonably taken, the omission may be supplied, or the error corrected, and the rights of all parties saved. The other is, that it is not consistent with the purposes of justice for a party, knowing of a secret defect, to proceed and take his chance for a favorable verdict, with the power and intent to annul it as erroneous and void, if it should be against him." Wigmore on Evidence, 3d Ed., Vol. I, Sec. 18, p. 322.

The foregoing testimony of the plaintiff, when considered with the rest of the evidence in the case, was sufficient to warrant the jury in finding the issue of agency against the *feme* defendant.

The rest of defendants' exceptive assignments of error relate to rulings of the court on the reception of evidence. We have examined these

exceptions and find them to be without substantial merit. Prejudicial error has not been made to appear. *Fisher v. Waynesville,* 216 N.C. 790, 4 S.E. 2d 316; *Rogers v. Freeman,* 211 N.C. 468, 190 S.E. 728.

We are left with the impression that the defendants have had a fair trial at the hands of a jury drawn from their own vicinage. The verdict and judgment will be upheld.

No error.

VALENTINE, J., took no part in the consideration or decision of this case.